[ERIE GENERAL TERM, February 10, 1868. *Davis, Marvin* and *Daniels,* Justices.]

————•·•·•————

## VIANY *vs.* FERRAN.

A lease provided that if the lessee, having performed his covenants, should give notice in writing, on or before February 1, 1868, binding himself to take and accept a further term of five years from May 1, 1868, the lessor would grant a new lease for such further period. It then provided for the fixing of the rent by arbitration, &c., but gave no option to the lessee to accept or reject the lease after the arbitrators should have acted. *Held* that the lessee's obligation to take the new lease became perfect as soon as he gave the notice binding himself to accept another lease for the further term.

That the moment that notice was given, the obligation of the lessor to grant, and of the lessee to take, the new lease became perfect and mutual.

That the appointment of arbitrators being an act only to be done after notice that the new lease was to be taken, neither party, after making the appointment, could be heard to assert that the notice had not been given.

If, in such a case, the arbitration having been commenced, falls through, by reason of the inability of the arbitrator to complete it, and the failure of the parties to agree upon another arbitrator, the lessee may maintain an action to compel a specific performance of the agreement to execute a new lease, at a rent to be settled and determined upon a reference.

MOTION to dissolve an injunction. This was an action to obtain the specific performance of a covenant in a lease of real property, for a renewal, at a rent to be fixed by arbitration. The parties had agreed upon Judge Daly as their arbitrator, or referee, under the covenant in the lease; and he having been unable to attend to the case, they had not agreed upon any other. The relief sought in this action was that the defendant be directed to proceed on his part with the arbitration, and to appoint another, in case the arbitrator appointed by the defendant should refuse to act; and that the defendant be directed and required to execute a lease at the rent to be settled and determined on, as provided by the original lease and the covenants therein contained.

*J. H. Pignolet*, for the plaintiff.

*H. Alker*, for the defendant.

CARDOZO, J. I think the learned counsel for the defendant misconstrues the provisions of the lease as to the renewal. The lease provides that if the lessee, having performed his covenants, gives notice in writing, on or before February 1, 1868, *binding* himself to take and accept a further term of five years from May 1, 1868, the lessor will grant a lease for such further period. It then provides for the fixing the rent by arbitration, and instructs the arbitrators as to the "principle" by which they are to govern themselves, but it gives no option to the lessee to accept or reject the lease, after the arbitrators have acted. It simply very inartificially prescribes a rule of action for the arbitrators. The lessee's obligation to take the new lease

Viany *v.* Ferran.

becomes perfect as soon as he give the notice *binding* himself to take and accept another lease for the further term. The moment that notice is given, the obligation of the plaintiff to grant, and of the defendant to take, the new lease, becomes perfect and mutual. Whether the allegation in the complaint, that the plaintiff gave the notice that he would take the further term, be denied or not, is not material, because both parties are estopped, on that point, by having proceeded to appoint arbitrators. That appointment being an act only to be done after notice that the new lease was to be taken, neither party, after making the appointment, can be heard to assert that the notice had not been given. The case then is briefly this : The parties have entered into a covenant for a renewal of the lease, which, by the notice served by the plaintiff, became mutual and obligatory upon both of them, and there is nothing to be done except to ascertain the rent, and that was to be fixed by arbitration. The arbitration was commenced, but fell through by reason of Judge Daly being unable to devote sufficient time to complete it, and the parties failing to agree upon any other arbitrator.

In *Kelso* v. *Kelly*, (1 *Daly*, 419,) Judge Daly, reviewing the authorities, says : " Where a valid contract has been entered into for the renewal of a lease by which it is provided that the amount of rent to be paid shall be settled by arbitration, and the party who is to give the lease refuses to appoint an arbitrator, a court of equity will compel specific performance, and order a reference, to ascertain what the amount of the rent should be." (*See also Wells* v. *De Leyer*, 1 *Daly*, 45.)

This I understand to be the settled law of this State, and I regard the principle as applicable to and decisive of the question in this case.

The motion to dissolve the injunction must, therefore, be denied. The costs may abide the event of the action.

[NEW YORK SPECIAL TERM, May 4, 1868. *Cardozo*, Justice.]