BLEDSOE *v.* RADER.

PRACTICE.—*Supreme Court.*—*Sufficiency of Answer.*—In order that the insufficiency of an answer as a valid defense may be assigned for error in the Supreme Court, there should be in the court below a demurrer to the answer, or a motion for judgment upon the pleadings notwithstanding the verdict for the defendant, under section 372 of the code.

PLEADING.— *Cross-Complaint.*—Answer, in which all the material facts stated went simply in bar of the action, and the relief prayed amounted to nothing more than would be the legal effect of a judgment for the defendant. *Held,* that this could not be regarded as a cross-complaint.

CONTRACT.—*Rescission of.*—Suit by mortgagee against mortgagor to foreclose a mortgage of real estate for purchase money. Answer, setting up an agreement between the plaintiff and defendant to rescind the sale—that the latter should reconvey the mortgaged property, and the former surrender the notes given for purchase money—and to submit all other matters in controversy between them to arbitration; and alleging the tender of a deed by the defendant to the plaintiff in pursuance of said agreement.

*Held,* that if the facts proved on the trial showed, in contemplation of law, a delivery, instead of a tender of the deed, this fact could not aid the plaintiff or weaken the defendant's defense.

*Held,* also, that a failure of the arbitration, especially without the fault of either party, could not affect the agreement to rescind, or deprive either of the parties of the right, by a proper suit, to compel a settlement of the accounts between them growing out of the rescission.

APPEAL from the Montgomery Circuit Court.

ELLIOTT, J.—Suit to foreclose a mortgage. The facts alleged in the complaint are, that Bledsoe, the appellant, sold to Rader, the appellee, one hundred and twenty acres of land in Montgomery county, in this State, for which Rader assigned to him a claim for one thousand eight hundred dollars on Mills and Bryan for the rent of the Oaklan mills in Clark county, payable one hundred dollars monthly, and also executed to Bledsoe his four several promissory notes, as follows: one for seven hundred dollars, payable January 1st, 1865; one for seven hundred dollars payable January 1st, 1866; one for six hundred dollars payable January 1st, 1867; one for six hundred dollars payable January 1st, 1868. And to secure the payments on the lease, and

also said several promissory notes, Rader executed to Bledsoe the mortgage in suit.

The notes and mortgage were executed on the 29th of November, 1860; and this suit was commenced on the 13th of February, 1864, and before either of the notes was due. The complaint alleges the non-payment of the money due on the lease, and that the notes remain unpaid.

Rader filed a special answer setting up new matter in avoidance and as a bar to the action, on which an issue was formed and submitted to the court for trial, without a jury. The court found for the defendant, overruled a motion for a new trial, and rendered judgment on the finding.

It is urged by the appellant that the facts alleged in the answer do not constitute a bar to the action; and that the finding and judgment, therefore, should have been for the plaintiff.

The answer alleges, that on the 23d day of March, 1863, the plaintiff and defendant entered into the following written agreement in reference to said notes, mortgage, &c., viz:

"George R. Rader and Lewis S. Bledsoe, in order to settle all matters in controversy between them, make the following agreement: Said Rader is to convey a certain lot of land in Montgomery county, Indiana, containing one hundred and twenty acres, to Bledsoe, and said Bledsoe, as a concurrent act, is to surrender to said Rader all notes for deferred payments thereon, and surrender to said Rader a lease on Mills and Bryan; and the foregoing agreement is the inducement for the following submission of all other matters in controversy between said parties. The items of controversy are to be furnished by the parties within thirty days, and when so furnished are to enter into and become a part of this agreement. And the said Bledsoe hereby selects Robert M. Kelly as an arbitrator, and said Rader hereby selects S. Stansifer as arbitrator, and in case the two disagree, they may call in an umpire, and the parties hereby agree to abide and faithfully perform the award or umpirage; and the same shall be made a rule of the Jackson Circuit

Court. And the parties further agree to enter into further bonds with surety in the penalty of one thousand dollars each, conditioned as aforesaid, by the 1st day of April, when the conveyance is to be made, which is to be a special warranty against incumbrances since the same was conveyed to said Rader, and said lease and notes are then to be surrendered.                    G. R. RADER.
                                              S. S. BLEDSOE.
March 23d, 1863."

It is averred in the answer that the defendant has kept · and performed all his covenants in said agreement; that at the time of making the agreement he surrendered the possession of the mortgaged premises to the plaintiff, who then and there took possession thereof, and has ever since quietly and peaceably held the same, and received the rents and profits thereof; that on the 24th day of April, 1863, he executed and tendered to the plaintiff a deed of conveyance according to said agreement; but the plaintiff refused to receive the deed and surrender said lease and notes, and that he brought the deed into court for the plaintiff; that in order to carry out said agreement as to the arbitration, he executed an arbitration bond in the penalty of one thousand dollars, with one Cooper as his surety, conditioned as required by said agreement. Prayer for judgment, and that the plaintiff may be compelled to receive the deed and surrender up the lease and notes, and for general relief.

No demurrer was filed to the answer, nor was there a motion by the appellant for a judgment upon the pleadings notwithstanding the finding for the defendant, under section 372 of the code. The question therefore of the sufficiency of the answer as a valid defense is not properly before us. But it is insisted that the answer is, in fact, a cross-complaint, and that an objection to a bad complaint may be assigned for error in this court, though the objection was not taken by demurrer in the court below. We cannot regard this pleading as a cross-complaint. No material fact is stated in it that does not go simply in bar of the

action. True, it prays that the plaintiff may be compelled to accept the deed and surrender the notes. The deed was brought into court for the defendant; this was necessary as a part of the defense; and a judgment for the defendant, upon the final trial on the merits, would bar any subsequent suit on the notes; and the prayer that they be surrendered amounts to nothing more than would be the legal effect of a judgment for the defendant.

The refusal of the court to grant a new trial is assigned for error. One of the reasons urged for a new trial is, that the finding of the court is contrary to the evidence. This point is urged here. One objection taken to the sufficiency of the evidence is, that it does not prove a tender of the deed by Rader to the plaintiff, as alleged in the answer, but that it shows an actual delivery thereof. The evidence shows that the parties agreed that Rader should execute the deed and leave it at the office of Mr. Stansifer for Bledsoe, which he did, and Stansifer testifies that he told Bledsoe the deed was there for him, but that he never made an actual tender or delivery of it to Bledsoe. It is not necessary that we should discuss the question whether these facts do or do not show a delivery of the deed in contemplation of law. Rader treats them as showing a tender, but if they amount to a delivery, the fact cannot aid Bledsoe, or weaken Rader's defense.

The arbitration provided for in the agreement was never had; and it is claimed by the appellant that this, of itself, must defeat the defense of Rader, and should reverse the judgment. It appears from the evidence that both parties in good faith executed the bonds required by the agreement, and were both ready, willing, and anxious, to enter into the arbitration. Several times were mutually agreed upon for that purpose, at which the parties met; but in every instance the arbitration failed in consequence of the absence or failure to serve of one or the other of the arbitrators. These efforts continued even after this suit was instituted. Other arbitrators were agreed upon, but with no better success. The

failure, therefore, is not attributable to any fault of either of the parties.

There is no averment in the answer that the arbitration was held or an award ever made. Nor was such an averment necessary under the agreement set up in the answer, as we understand it.

By the agreement Rader was to reconvey the land to Bledsoe, and the latter agreed to surrender the lease and the notes given for the land to Rader; and it appears that it was the intention of the parties to rescind the original contract of sale. A rescission of the contract would necessarily imply, in the absence of any special agreement as to the terms of rescission, that the parties should be placed *in statu quo*. Rader had received the rents and profits of the land for over two years, for which he would be liable to account; and it is shown by the evidence that Bledsoe had received something on the rent of the mill referred to in the mortgage, which he would be required to refund to Rader. The mill, it seems, was destroyed by fire a short time after the sale of the land, and hence a failure to pay the subsequent rents by the lessees; and we learn from the evidence that the adjustment of the accounts between the parties growing out of the original contract and its subsequent rescission, formed the principal, if not the only matter of difference between them, which was intended to be submitted to arbitration. The failure of the arbitration, and especially without the fault of either of the parties, could not affect the agreement to rescind the contract; nor does it deprive either of the parties of the right, by a proper suit, to compel a settlement of the accounts between them, growing out of the rescission.

We find nothing in the case to justify a reversal of the judgment.

The judgment is affirmed, with costs.

*J. McCabe*, for appellant.

*J. M. Butler* and *S. C. Willson*, for appellee.