Austin v. McMains.

Filed March 5, 1896.

No. 1,914.

## Austin v. McMains.

Pleading.— *Demurrer to Answer.— Overruling.*— A demurrer to an answer as a whole must be overruled where the answer contains a general denial.

Appellate Procedure.— *Answer.— Testing Sufficiency Of.*— The sufficiency of an answer, or of any paragraph thereof, cannot be tested for the first time by an assignment of error in the Appellate Court.

Special Verdict.—*Essentials Of.—Judgment.*—To entitle the party upon whom the burden of proof rests to a judgment on a special verdict, such verdict, when reasonably and fairly construed, must set forth all the facts required to sustain the judgment; and any essential fact not specially found, or necessarily included therein, will be deemed determined against him.

From the Montgomery Circuit Court.

*J. L. Shrum,* for appellant.

*B. T. Ristine, H. H. Ristine* and *L. McMains,* for appellee.

Gavin, C. J.—This is an action in tort in which appellant sought to recover from appellee the value of cer-

tain wheat which he alleged belonged to him, and which appellee unlawfully seized, detained and converted to his own use.

Appellee answered in two paragraphs: 1. By general denial; (2) specially. Appellant demurred to the answer as a whole and not to the second paragraph separately.

A jury returned a special verdict upon which the court rendered judgment in favor of appellee.

The court could not rightfully have done otherwise than overrule the demurrer to an answer which contained a general denial. *Scott, Admr.*, v. *Tell City Bank*, 10 Ind. App. 94.

The statute authorizes the sufficiency of a complaint to be tested for the first time by assignment of error in this court, but there is no law for thus testing the sufficiency of an answer or any paragraph thereof. *Bledsoe* v. *Rader*, 30 Ind. 354; *City of Evansville* v. *Martin*, 103 Ind. 206.

Appellant asserts that he was entitled to judgment upon the special verdict.

From the verdict we learn that the land on which the wheat was grown was owned by appellant's father, from whom appellant rented it in March, 1892, for one year for cash rent, and in "case of sale of said farm during said year he agreed to give full possession of the same on thirty days' notice; that said plaintiff went into possession of said farm and sowed sixty-nine acres of wheat thereon in the fall of 1892; that the father died November 26, 1892, testate, directing by his will the sale of said land; that said land was on February 4, 1893, by the administrator of said estate, upon the order of the proper court in a proceeding to which appellant was a party, duly sold to appellee for $7,000, and the purchase money paid and a proper deed therefor exe-

cuted to him on February 6, 1893; that there were no reservations of the wheat nor was it specially mentioned in any of the proceedings; that on March 1, 1893, appellant surrendered possession of said farm to appellee who has since remained the owner of, and in possession of, said land, and in July, following, harvested the said wheat, 721 bushels, worth 50 cents per bushel, with "the knowledge and consent" of appellant, and without any objection thereto or claim thereon by him, although he was then in an adjoining field; that subsequently appellee sold the wheat and received the pay therefor; that appellant filed against his father's estate a claim for work and labor, and seed wheat furnished to sow said wheat, to which the administrator filed an answer of set-off and recovered judgment against him. The burden was upon appellant to show his ownership of the wheat, and its unlawful and wrongful conversion by appellee. To enable him to recover, it was essential that the special verdict, when reasonably and fairly construed, should set forth all the facts requisite to sustain his cause of action, and any such essential fact not specifically found nor necessarily included therein will be deemed determined against him. *Becknell* v. *Hosier*, 10 Ind. App. 5 ; *Louisville, etc., R. W. Co.* v. *Costello*, 9 Ind. App. 462 ; *Bruner* v. *Brown*, 139 Ind. 600.

Counsel assert that the sale of the land did not include the wheat, because it was personalty, and could only be sold by the administrator in the mode prescribed by law for sale of personalty. If this be conceded, it still does not establish appellant's claim to the wheat. If the appellee had no title thereto, appellant cannot recover by proof of that fact, unless he can go further and establish his own title.

It is further argued by appellant that since the ver-

dict only finds that he rented the land in March, 1892, for one year, no beginning of the term being specifically mentioned, the jury cannot determine the time for its ending. It is also insisted that it does not appear from the verdict that the wheat was sowed by appellant under the contract of renting set forth; that it might have been put in under some other arrangement. If we give to the verdict the construction thus claimed for it by appellant, he must necessarily fail. He cannot claim the wheat as heir, because, between the heirs and the administrator, the latter is entitled to the wheat crop growing upon the land at the time of decedent's death. Section 2415, R. S. 1894. Appellant's only possible right, then, must arise from his having sowed the wheat in pursuance of a contract with his father, under which he is entitled to it. To show a contract which would entitle him to the wheat, devolves upon him. If, under the verdict, the court cannot determine that this wheat was put in under such a contract, he must necessarily fail. The mere fact that he was in possession of the land and sowed the wheat, will not give him a right thereto in the face of the fact that the title to the land was in some one else.

If the wheat was not sowed under the contract set out, there is nothing whatever in the verdict to show that it was put in under any contract by virtue of which appellant could hold it. If we assume, however, that it was put in under this contract, then we think it clear that in pursuance of that contract appellant surrendered the farm and the wheat with it, and is not entitled to recover.

Having thus voluntarily surrendered the possession, and not only acquiesced but actually consented to appellee's cutting the wheat, it is now too late for him to undertake to treat appellee as a wrongdoer. Keeping

in mind the fact that the burden rested upon appellant, the verdict wholly fails to show anything wrong in appellee's conduct.

Judgment affirmed.

Filed March 5, 1896.