BALLARD, ADMINISTRATRIX, *v.* THE CITIZENS' STREET
RAILROAD COMPANY ET AL.

[No. 2,164.    Filed Sept. 15, 1897.    Rehearing denied Nov. 24, 1897.]

SPECIAL VERDICT.—*Omission of Essential Fact.*—An essential fact
omitted from a special verdict will be considered as found against
the party having the burden of proving it.    *p. 523.*

SAME.—*Negligence.*—*When Judgment for Defendant Will Be Set
Aside.*—Where the questions and answers going to make up a
special verdict, in an action for damages for the death of plain-
tiff's decedent, caused by the alleged negligence of defendants, are
not in form as contemplated by law, and when construed together
show negligence on the part of defendants, and such answers
therein tending to show defendants' freedom from negligence are
contradicted by other answers, and which states some facts from
which freedom from fault on the part of decedent may be inferred,
a judgment rendered on such special verdict in favor of defendants
will be set aside.    *pp. 523–525.*

From the Marion Superior Court. *Reversed.*

*George W. Spahr,* for appellant.

*Will H. Latta* and *J. B. Curtis,* for appellees.

HENLEY, J.—Some time during the month of Jan-
uary, 1894, one Jehu Ballard, while driving along
West Washington street, within the corporate limits
of the city of Indianapolis, and while crossing the
track of the Citizens Street Railway Company, re-
ceived an injury from which his death afterward re-
sulted. The material of which the street was composed,
had worn and been washed away from the rails and
ties of the railway tracks, causing them to stand above
the surface of the street, and a deep gutter from three
and one-half to four feet deep had been worn along
said street directly north of and parallel with the rail-
way track; and while driving across the track and
street, decedent's wagon was overturned and he was
thrown to the ground.    On account of the condition
of the street, negligently allowed to become and re-

main so by the city of Indianapolis, and on account
of the improper condition of the street railway tracks,
appellant brought this action in the lower court for
damages against appellees, alleging that the said de-
cedent's death was caused by the negligence of appel-
lees, and that decedent was without fault or negli-
gence upon his part.

A demurrer to the complaint was overruled. Ap-
pellees both answered by general denial, and the
cause being at issue was submitted to a jury and a
special verdict returned by way of answers to inter-
rogatories.

But one question is discussed by counsel. Does the
verdict show that the decedent did not contribute to
his injury?

Appellant's counsel do not contend but that it was
as essential to a recovery for decedent's death to show
his freedom from negligence as it was to establish the
negligence of appellees.

An essential fact omitted from a special verdict will
be considered as found against the party upon whom
was the burden of proving it. *Louisville, etc., R. W. Co.*
v. *Quinn,* 14 Ind. App. 554; *Austin* v. *McMains,* 14
Ind. App. 514; *Becknell* v. *Hosier,* 10 Ind. App. 5;
*Bruner, Rec.,* v. *Brown,* 139 Ind. 600.

It appears that the accident in which the decedent
Ballard was killed, occurred between 6 and 7 o'clock
p. m., and that it was so dark that a person could not
see the surface of the street, nor the railroad tracks.
It is also clearly found that at the point where the
accident occurred upon the traveled portion of Wash-
ington street there was a gutter worn three and one-
half to four feet deep, the south line of which declivity
extended up to within twelve inches of the north ends
of the street railway ties; that these ties were exposed,
and that the street railway rails stood six inches

above the surface of the street, and that both the appellees had suffered and allowed the street and street railway tracks to remain in that condition for a long time. Construing all the questions and answers going to make up the verdict, together, the finding of negligence upon the part of both appellees herein is very strong, and shows a deplorable condition of the street and car tracks at the point where the accident occurred. But few of the questions going to make up the special verdict are in the form contemplated by the law under which this cause was tried and verdict returned. Some contradictions occur upon material points, and some facts necessary to plaintiff's recovery are only partially and unsatisfactorily found.

Plaintiff's decedent was an old man; he was driving a blind horse in the darkness of the night; he was going in a direct line from his home to his place of destination, pursuing his lawful avocation; all these things decedent had a perfect right to do. The jury finds that the manner in which the horse was driven did not contribute in any way to the injury, and that decedent did not know that the street and railway track were defective and out of repair at the point where the injury occurred. Thus, it will be seen that the verdict does not wholly fail to show freedom from contributory negligence upon the part of the decedent, and some facts are stated from which the inference of freedom from contributory fault can be drawn. The verdict upon this point is not as full as it should be, indeed, it is very unsatisfactory, but the essential fact is not wholly omitted. This was one of the earliest cases tried under the amended special verdict law, under which verdicts were in the form of interrogatories and the answers thereto, and its commingling of law and facts was probably due to the newness of the practice.

Question 105 and answer were as follows: "Was

Jehu Ballard, deceased, upset, thrown out, and injured at the time and place complained of in this action, because the rails and a portion of the ties were above the surface of the street in such a manner as to impede the passage of wagons and carriages, and because of a further defect in said street, which further defect was suffered to remain there by the city of Indianapolis, if not because of both defects in the track and street, state which, if either, caused him to upset?" "Answer. Both."

And so the jury were of the opinion that the negligence of both defendants was the cause of decedent's death.

The isolated answers which would tend to show that either of appellees was free from fault are so flatly contradicted, not only by direct questions and answers, but by the general trend of the whole verdict, as to completely lose their force.

We think the court erred in rendering judgment in favor of appellees.

The cause is reversed, with instructions to the lower court to grant a new trial.