[No. 10353.   Department Two.   September 12, 1912.]

Amelia S. Cogswell *et al.*, *Respondents*, v. H. H. Cogswell *et al.*, *Appellants*.[1]

Stipulations—Construction—Compromise and Settlement—Arbitration—Revocation. Where an action to quiet title was compromised, by the plaintiffs agreeing to convey part of the land to the defendants and to sell the defendants any part of the balance at its market value, as determined by the parties or by arbitration, the contract recognized the plaintiffs' title and authorized a decree accordingly, and was not revocable as a mere executory agreement to submit to arbitration, since only an incidental matter was to be submitted; and defendants' remedy on failure of the arbitrators to agree was by application to the courts to fix the market value of the land.

Compromise and Settlement—Rescission—Part Performance—Arbitration and Award. Where a contract for the compromise of a suit to quiet title has been partly performed by the execution of a deed to the defendants and entry of the judgment adjudging plain-

[1]Reported in 126 Pac. 431.

tiffs' title to the balance, the defendants cannot rescind for failure of the arbitration as to an incidental matter of fixing the market value of land which they were to purchase from the plaintiffs.

DEEDS—DELIVERY—ACCEPTANCE. A deed made to defendants in compromise of a suit to quiet title, pursuant to agreement, and delivered to and retained by their attorney with their knowledge, is accepted by them.

SAME—RESCISSION—RETENTION OF BENEFITS. A party cannot rescind a compromise of a suit while retaining a deed of land made pursuant to the compromise, without any offer to reconvey the land deeded.

ATTORNEY AND CLIENT—AUTHORITY—COMPROMISE OF SUIT. Where an action to quiet title was compromised by an agreement recognizing the plaintiffs' title, and defendants authorized their attorney to carry out the contract, the attorney had authority to consent to a decree confirming the plaintiffs' title on their performance of the contract.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered November 22, 1911, refusing to vacate a judgment, after a trial before the court. Affirmed.

*Prather & Saunders*, for appellants.

*Pugh & Kizer*, for respondents.

ELLIS, J.—This is an appeal from an order dismissing a petition to vacate a judgment.

In June, 1910, the respondents brought an action against the appellants, who are respectively a son and daughter-in-law of the respondents, to quiet title to 320 acres of land situated in Spokane county. The answer alleged that, about sixteen years ago, the respondents had put the appellant, their son, in possession of the land promising to deed it to him as a gift, that he has improved the land at large expense and paid the taxes thereon since and including the year 1901. The answer also set up adverse possession in the appellants, and prayed for a decree declaring the property theirs. The reply denied the allegations of the answer. When the issues had been made up and the cause was in condition to be set for trial, the parties entered into an agree-

ment which was intended to compromise and settle the litigation. The agreement was in writing and provided, in substance, that the plaintiffs, respondents here, should deed to the appellants about 30 acres of the land in dispute, upon which 30 acres was located the farmhouse, barn and orchard. The agreement further provided that the appellants should have the right to purchase all or any part of the remaining land at its market value, and that if the parties were unable to agree upon the market value, each side should name an arbitrator and the two so named should select a third, and the three arbitrators thus chosen should determine the market value of whatever of the land the appellants might elect to purchase. The nature and legal effect of this agreement was fully explained to the appellants by their then attorney. They kept it and considered it for about two weeks, when they signed and acknowledged it and instructed their attorney to carry it into effect. It was also signed and acknowledged by the respondents.

About the time the case was set for trial, and after the agreement for settlement had been entered into, the then attorneys for the parties entered into, and filed in court, a stipulation that a decree should be entered adjudging title of the land to be in the respondents, but that neither party should have any claim against the other for rent or improvements. Upon this stipulation, a decree so adjudging was entered. At about this time or soon after, the respondents executed, and delivered to the appellants' attorney for the appellants, a deed of the 30 acres mentioned in the contract of settlement, together with an easement for access thereto. Thereafter the appellants designated the land they desired to purchase, and each side selected an arbitrator to fix the purchase price in pursuance of the agreement. The first arbitrator selected by the appellants was withdrawn because of certain alleged improper proposals made by him to the other arbitrator with reference to fixing the value of the land. The appellants named a new arbitrator, and the two

arbitrators being unable to agree upon the value of the land, attempted to choose a third. They were unable to agree upon a third arbitrator and so advised the appellants' attorney, who suggested to the respondents' attorney that new arbitrators be appointed. The respondents refused to do this. The appellants then served and filed their petition to vacate the decree, upon the ground that their attorney had no authority to stipulate for the decree, and that the attorney was led into making the stipulation by the mistaken belief that the settlement agreement would be carried out. The trial court, after a full hearing upon the petition to vacate, dismissed the proceedings. The petitioners appealed.

It seems to us that the controversy presented by this appeal is determinable by a consideration of the nature and effect of the written agreement. The appellants assume that it was an agreement of arbitration. Upon this premise they base two contentions; first, that the agreement to arbitrate of itself operated as a discontinuance of the case; and second, that the appellants, in their answer, having set up title in themselves and asked relief, when the agreement to arbitrate failed of consummation, they had the absolute right to disregard the contract and proceed with the original action for the determination of their right to the land.

We find it unnecessary to pass upon the legal soundness of these contentions or to review the authorities cited in their support, for the reason that the agreement, the full purport of which we have set out in the foregoing statement, was not an agreement to arbitrate, but was an agreement in settlement of the real matter in dispute, namely, the title of the property. That matter was not left to arbitration; it was finally settled by the contract, which recognized the respondents' ownership of all of the land in consideration of the conveyance of the 30 acres to the appellants and of the agreement to sell to them at its market value so much of the remainder as they might desire. The provision for arbitration was a mere incident to the agreement to sell. It did

not affect the real substance of the contract. While it is true that a mere executory agreement to submit to arbitration is generally revocable by either party and hence will not be specifically enforced by the courts, the contract here in question does not fall within that rule, for two reasons. In the first place, as we have seen, it was not an agreement to arbitrate the matter in suit. It settled that matter. In the second place, it was no longer executory. The respondents had conveyed to the appellants the 30 acres designated, and the appellants had selected the other land which they desired to purchase. The only thing left to arbitration was the fixing of the price. The arbitrators having failed to agree, and there being no provision in the contract for the appointment of other arbitrators, their failure amounted to an implied revocation of the submission. But that revocation applied only to the incidental provision of the contract as to fixing the value of the land. It did not operate as a rescission of the contract, nor did it give either party the right to rescind.

The rule is well established that where the contract has been partly performed and is no longer wholly executory, or where the provision for arbitration relates only to a mere incident, such as the arriving at the price of property or the determination of its rental value, the death or failure of the arbitrators to act gives neither party to the contract the right to rescind. In such a case the courts will enforce the contract and will, on evidence, fix the value of the land or determine the rental. *Parsons v. Ambos,* 121 Ga. 98, 48 S. E. 696; *Cooke v. Miller,* 25 R. I. 92, 54 Atl. 927; *Bledsoe v. Rader,* 30 Ind. 354; *Coles v. Peck,* 96 Ind. 333, 49 Am. Rep. 161; *Grosvenor v. Flint,* 20 R. I. 21, 37 Atl. 304; *Viany v. Ferran,* 54 Barb. 529; *Town of Bristol v. Bristol & Warren Water Works,* 19 R. I. 413, 34 Atl. 359, 32 L. R. A. 740.

The matter in suit having been settled by the solemnly executed contract of the parties, that contract having been

partly performed on both sides, the failure to arbitrate relating only to a nonessential incident not giving ground for a rescission, it follows that the appellants have mistaken their remedy. They should have applied to the court for an enforcement of the contract by fixing the price of the land. They cannot ignore the contract and proceed with the settled suit.

But it is contended that the appellants never accepted the deed of the 30 acres. The evidence is to the contrary. They authorized their attorney to carry out the contract. He accepted the deed. They knew this at the time. He retained it, and their present attorney still has it. They have not reconveyed the land. Even if there was ground for rescission, they have not rescinded. They still retain the fruits of the respondents' part performance. They are in no position to claim a rescission.

Nor can the appellants prevail in their contention that their attorney had no authority to stipulate for the entry of the decree quieting title in the respondents. The contract recognized the respondents' title. The appellants' title to the 30 acres and whatever other of the land they might elect to purchase must come from the respondents. The appellants authorized their attorney to carry out the contract. The decree merely confirmed the title which the contract itself recognized. Its entry was an incident to the carrying out of the contract. We have seen that the contract was not rescinded and cannot be rescinded. To vacate the decree would be a vain and useless thing.

The order appealed from is affirmed.

MOUNT, GOSE, MORRIS, and FULLERTON, JJ., concur.