[Sac. Nos. 2883, 2884.    In Bank.—January 30, 1919.]

W. S. ARMSTRONG, Plaintiff and Respondent, v. SACRAMENTO VALLEY REALTY COMPANY (a Corporation), et al., Defendants; LETITIA BARRETTA QUATMAN, Intervener and Appellant.

Compromise Agreement—Effect upon Judgment.—An arrangement whereby in consideration of the recognition and readjustment of the relative contractual rights and obligations of litigant parties, the pre-existing legal controversy involving such rights and obligations and ultimately resulting in a judgment for one of them was definitely settled, is an agreement of compromise extinguishing the judgment, and any subsequent remedy of the parties with reference to the matters included in the agreement must be based upon such agreement alone.

Id.—Agreement of Compromise—Partial Performance—Extinguishment of Antecedent Obligation.—The partial performance of an agreement of compromise, which is an integral part of the agreement, will suffice to make the agreement an effective extinguishment of the antecedent obligation upon which it was founded, where the only thing remaining to be done is capable of performance and relates merely to an incidental provision of the agreement covering the appraisement of land designated in the agreement to be conveyed in keeping with the terms of the settlement.

MOTION to dismiss an appeal from a judgment of the Superior Court of Glenn County.    William M. Finch, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

W. T. Belieu, for Intervener and Appellant.

Frank Freeman and George R. Freeman, for Plaintiff and Respondent.

C. L. Donohoe, for Defendants.

LENNON, J.—From the record before us upon two motions to dismiss pending and independent appeals of the defendants and intervener in the above-entitled action the following uncontroverted facts appear. By the action plaintiff sought and secured a judgment against the defendants in the sum of $827.20. The intervener claimed to have some interest in the money in suit, but the trial court found to the contrary and entered judgment accordingly. The plaintiff's cause of action arose out of a written contract of purchase and sale whereby the defendants, as parties of the first part, agreed to pay in designated installments to plaintiff, as party of the second part, certain moneys aggregating twenty-five thousand dollars as part payment of the purchase price of plaintiff's right, title, and interest in and to certain described real property situate in the counties of Glenn and Colusa. The action was one of twenty similar suits instituted against the defendants for the recovery of the several installments of the purchase price of the said property. The judgment appealed from was entered on the eighth day of October, 1915. The intervener and defendants gave their notices of appeal respectively on the fifteenth and twenty-third days of November, 1915. Thereafter, to wit, on April 27, 1917, and while proceedings for the settlement of a bill of exceptions were pending in the court below, the plaintiff, as the party of the first part, and the defendants and the intervener, as parties of the second part, entered into another contract in writing which, after reciting the fact of the rendition and entry of the judgment appealed from, and that the parties thereto had agreed upon the sum of $17,796.01, to be paid to plaintiff in settlement of the controversy involved in the judgment and the other actions arising out of the original contract of purchase and sale, proceeded to provide in consideration of such agreed settlement, that of the sum total agreed upon the defendants and intervener would pay the sum of five thousand dollars in cash immediately upon the execution by the plain-

tiff of the contract of settlement and the balance of $12,796.01 in land which was to be selected and taken from certain designated and described parcels of land. The contract further provided that within five days after the payment by the defendants of the five thousand dollars in cash the parties were to submit a list of the names of fifteen persons from whom, according to a formula prescribed in the contract, three persons were to be selected as the appraisers of the land which was to be conveyed pursuant to the terms of the contract. The plaintiff executed the contract, and in keeping with its terms and within the time designated therein, the defendants made the five thousand dollar payment in cash. Subsequently, in keeping with the procedure provided in the contract, three appraisers were selected to value the lands which were to be conveyed in satisfaction of the remainder of the obligation due to the plaintiff. Ultimately, and before any appraisement was made or attempted, one of the appraisers refused to act, and it appears that since then the defendants and intervener are unwilling to join with plaintiff in the selection of a third appraiser. Because of this halt in the making of the required appraisement, and the consequent failure to fully perform the contract, the plaintiff has instituted an action for the specific performance of the second agreement, and here urges as one of the grounds of the motion to dismiss the appeals that by the contract in controversy the pre-existing dispute involved in the judgment appealed from was superseded and extinguished, and that, as a consequence, no question remains in the pending appeals for determination by this court.

We have not been furnished by any of the parties with points and authorities, but our own research satisfies us that the plaintiff's contention is well taken and must result in a dismissal of the appeals on the grounds stated. The law favors and encourages compromises and settlements of controversies made in or out of court, and the contract in question here clearly comes within the definition of an agreement of compromise, for it plainly purports to be an arrangement whereby, in consideration of the recognition and readjustment of the relative contractual rights and obligations of the parties, the pre-existing legal controversy involving such rights and obligations and ultimately resulting in a judgment for the plaintiff was definitely settled. (*Flegal* v. *Hoover*, 156 Pa. St. 276, [27 Atl. 162]; *Bandman* v. *Finn*, 185 N. Y. 508

[12 L. R. A. (N. S.) 1134, 78 N. E. 175].)   In other words, "It was a new contract (Civ. Code, secs. 1531, 1697) for which the original contract or the performance thereof by the defendants furnished the consideration (*Auzerais* v. *Naglee,* 74 Cal. 60, [15 Pac. 371]), and became in the absence of legal impeachment in itself an agreement conclusive upon both parties," and one which operated as a merger and bar of all included claims and pre-existing causes of action (*Griswold* v. *Pieratt,* 110 Cal. 259, [42 Pac. 820] ; *Whipple* v. *Baker,* 85 Ark. 441, [108 S. W. 830]), and as a consequence settled and ended the previous dispute between the parties evidenced by and merged in the judgment appealed from.   The agreement in question, being a voluntary settlement of the controversy made during the pendency of an appeal from a judgment embodying the controversy, it became as binding and effective upon all of the parties as the judgment itself would have been had it become final (*Oglesby* v. *Attrill,* 105 U. S. 605, [26 L. Ed. 1186, see, also, Rose's U. S. Notes] ; *State* v. *Superior Court,* 60 Wash. 187, [110 Pac. 808] ; *Adle* v. *Prudhomme,* 16 La. Ann. 343), and, therefore, it must be held that the agreement of compromise and settlement extinguished the judgment, and that any subsequent remedy of the parties with reference to the matters included therein must be based upon the compromise agreement alone.   And this is so, notwithstanding the fact that the agreement in question was only partially performed by the defendants and interveners.   The partial performance of an agreement of compromise, which is an integral part of the agreement, will suffice to make the agreement an effective extinguishment of the antecedent obligation upon which it was founded, where, as here, the only thing remaining to be done is capable of performance and relates merely to an incidental provision of the agreement covering the appraisement of land designated in the agreement to be conveyed in keeping with the terms of the settlement.   (*Cogswell* v. *Cogswell,* 70 Wash. 178, [126 Pac. 431].)

The appeals are dismissed.

Wilbur, J., Sloss, J., Melvin, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.