[Civ. No. 2431.   Fourth Appellate District.—November 27, 1940.]

FERDINAND DALUISO, Appellant, v. NICK NICASSIO et al., Respondents.

Martin C. Casey and A. V. Falcone for Appellant.

S. S. Hahn and W. O. Graf for Respondents.

BARNARD, P. J.—In this action the plaintiff sought to recover for certain services and materials alleged to have been furnished to the defendants during a part of 1933 and a part of 1934. The court found in all respects in favor of the defendants, and the plaintiff has appealed from the judgment. The court's finding that the defendant Cimmarusti was not a party to the transaction in question is not attacked. We will, for convenience, refer to the defendant Nicassio as the respondent.

It appears from the evidence, as well as from the findings, that in March, 1933, the appellant gave to the respondent an option to purchase certain real property owned by him and suggested that the respondent build a building thereon to be used as a winery. It was agreed that if the option was not exercised the appellant would repay to the respondent the cost of the building. To secure the respondent the appellant gave him a note for $4,000 secured by a mortgage on the premises. The respondent advanced to the appellant some $6,000 of which about $2,800 was used in the erection of the building. The appellant also purchased some grapes for the respondent and furnished him with other materials and services. The appellant also operated a store on the premises in which he sold some wine obtained from the winery operated by the respondent.

In July, 1934, the respondent informed the appellant that due to a lack of water on the premises it was impossible for him to continue to operate this winery and that he would not

exercise his option for the purchase of the property. The respondent then constructed a building for a winery on other land purchased by him, using certain cement blocks which were made for him by the appellant. Thereafter, the appellant and the respondent "audited" their respective books and it was ascertained that the appellant owed the respondent a balance of $714. The respondent then employed the appellant to work in the new winery at a salary of $20 a week, $5 of which was to be paid in cash and the balance applied on the appellant's indebtedness. After he had worked three weeks the appellant was discharged by the respondent.

Thereafter, the appellant went to the respondent and requested him to return the $4,000 note and mortgage, offering to permit the respondent to remove the building which had been erected upon the appellant's property. A written agreement was prepared under date of October 27, 1934, in which it was agreed that the "possession and control" of the appellant's property, upon which the first winery had been erected, should be delivered to him and that the respondent should have the right to remove that building therefrom. Before this agreement was signed the appellant told the respondent that he wanted a clause inserted therein releasing each of the parties from all obligations of every kind and nature, stating that "I am afraid that sometime in the future you might sue me for the money which I still owe you". Thereupon, a further clause was added to the agreement reading: "This is to satisfy both party of the first part and party of the second part, and there shall be no more claims made", and the agreement was signed by both parties with a witness to their signatures. The respondent then returned to the appellant the $4,000 note with a release of the mortgage securing the same.

In September, 1935, this appellant filed an action in the Superior Court of Los Angeles County, alleging in the complaint that he and this respondent had orally agreed to go into partnership in the building and operation of the winery, and that he had furnished services and materials, and asking for "an adjudication of the existence of the said copartnership and of the respective rights" of the parties therein, for a dissolution and accounting, and for such other and further relief as was proper and just. This respondent filed an answer in that action denying all of the allegations of the complaint and setting up an affirmative defense in which, among other things, he alleged the execution of the written

agreement to which we have referred, that the same constituted a full satisfaction of all claims against him on the part of this appellant, and that the appellant was thereby estopped, with the further allegation that this agreement constituted a full satisfaction of all claims on the part of the plaintiff "whether as set forth in the complaint or otherwise or at all against the defendant". The court, in that action, found that every allegation in this affirmative defense was true, found that this appellant was entitled to take nothing in the action, and under a cross-complaint also filed by this respondent found and adjudged that he was entitled to remove the building which had been constructed upon this appellant's real property. The judgment in that action has long since become final.

On September 8, 1936, the present action was filed in which the appellant sought to recover about $8,000 for services and materials furnished between March, 1933, and October, 1934. In one cause of action it was alleged that such goods and services had been furnished by the appellant upon his mistaken belief that he was a partner of the respondent. In another, that they had been furnished in reliance upon the respondent's representation that he was a partner, and in a third, that they had been furnished in reliance upon the false representation that if he furnished such goods and services the respondent would make him a partner. Other causes of action sought the recovery of the same amount upon *quantum meruit*, upon an account stated, upon a book account, and upon a mutual, open and current account. Among other things, the court found that, after balancing their accounts, the appellant was indebted to the respondent; that the parties had so discovered by "auditing" their books; that the written agreement above referred to had been entered into by the parties with the intention that each was thereby releasing the other from all claims of any nature up to the date thereof; that by reason of said agreement the appellant is estopped from asserting the claims here made; and that the judgment in the Los Angeles County action is *res adjudicata* and a bar to the prosecution of this action.

The appellant has raised innumerable questions in briefs containing 320 pages, a large part of which are devoted to conflicts in the evidence. It is also contended that the findings of fact are defective and conflicting, that there was one

error in rejecting evidence, that the written agreement was not intended by the parties as a full settlement of their affairs, and that the judgment in the other action is not *res adjudicata*. It would be impracticable to consider all of the points raised by the appellant, and the same is unnecessary since one or two of the issues and findings are sufficient to sustain the judgment.

The main, and a controlling, issue here is as to whether the parties intended to fully settle and release all claims each against the other by the execution of the written agreement dated October 27, 1934, which contained the clause: "This is to satisfy both party of the first part and party of the second part, and there shall be no more claims made". The evidence is that this clause was inserted at the request of the appellant for the reason, as stated by him, that he was afraid that the respondent might sue him for the money he still owed the respondent, the parties having theretofore audited their accounts. The appellant contends that the entire agreement, including this clause, is unambiguous and that it was therefore error to admit certain oral evidence to explain the intended meaning of the language used. However, the appellant himself contends that "the very objects of the contract" were to provide that the respondent would surrender to him the $4,000 note and mortgage which he had given him, and that the respondent would be allowed to remove the building which had been erected on the mortgaged premises. The agreement, however, makes no provision for the return to the appellant of this note and mortgage and he is forced to rely on oral evidence to disclose the meaning of the contract and the real intention of the parties in that regard. Taken literally, the language used in this clause of the contract clearly means that no further claim shall be made by either party. Taken as it stands, it means that all matters and transactions between the parties are fully settled and that neither shall make a further claim. The language used in the agreement was either ambiguous or it was not. In either event, the court's finding that the agreement was a complete release from each party to the other is fully sustained. If it is unambiguous that is the only effect that can be given it. If it is ambiguous, the evidence received supports the court's finding as to what the parties intended the contract to mean.

■ Moreover, the meaning and effect of that agreement has been adjudicated in another action where the same result was reached. In *Price* v. *Sixth Dist. Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387], the court quotes with approval from Freeman on Judgments as follows:

"If the existence, validity or construction of a contract, lease, conveyance or other obligation has been adjudicated in one action it is *res judicata* when it comes again in issue in another action between the same parties, though the immediate subject matter of the two actions be different." The court then said:

"In other words, when an issue has been litigated all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto."

The Los Angeles County action, in which the judgment has become final, not only involved the same services and materials for the furnishing of which the appellant here seeks to recover, but this respondent then directly raised the issue as to whether he was indebted to this appellant in any manner other than alleged in the complaint therein, and further raised the issue as to the validity, construction and effect of the written agreement dated October 27, 1934, which question was adjudicated. In that action the court found that the parties had entered into this agreement, that it constituted a full satisfaction of all claims on the part of this appellant against this respondent, and that this appellant was estopped to assert any claims against this respondent for the period in question whether they were set forth in the complaint in that action or not.

■ Since the court's findings with respect to the settlement agreement between the parties and the effect of the prior judgment are sustained by the record, they sufficiently support the judgment and any possible technical defects in other findings become immaterial. (*Palmer* v. *Fix*, 104 Cal. App. 562 [286 Pac. 498].)

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.