49 Cal.Rptr.3d 825 (2006)
143 Cal.App.4th 1174
The EBENSTEINER COMPANY, INC., Plaintiff and Appellant,
v.
The CHADMAR GROUP, Defendant and Respondent.
No. B184525.
Court of Appeal of California, Second District, Division Five.
October 11, 2006.
*826 Law Offices of Barry K. Rothman and Barry K. Rothman, Los Angeles, for Plaintiff and Appellant.
Allen Matkins Leck Gamble Mallory & Natsis, and Randal J.A. Ivor-Smith, Los Angeles, for Defendant and Respondent.
TURNER, P.J.
Plaintiff, The Ebensteiner Company, Inc., has appealed from the demurrer dismissal of its second amended complaint. The second amended complaint alleged causes of action for constructive fraud, conspiracy to defraud, and fiduciary duty breach against defendant, the Chadmar Group. While the appeal was pending, the parties entered into a settlement agreement. We conclude the settlement agreement, which explicitly requires the present appeal be dismissed, has rendered moot the issue of whether the demurrer dismissal should have been entered. We therefore order dismissal of the present appeal.
While the appeal was pending, the parties participated in a mediation before Retired Justice Edward J. Wallin which resulted in a written stipulation for settlement which explicitly refers to Code of Civil Procedure[1] section 664.6. The stipulated settlement agreement was executed by plaintiff and defendant as well as two other defendants, Charles Chastain and James Waldorf. All parties were represented by counsel. The stipulated settlement provides in part: "1. Defendants, Charles Chastain, the Chadmar Group, and James Waldorf, shall pay to plaintiff(s) The Ebensteiner Company, Inc. and to their attorney Jerome Stark Esq. the total sum of $250,000.00 in full settlement and compromise of this action and in release and discharge of any and all claims and causes of action made in this action, and in release and discharge of any and all claims and causes of action arising out of the events or incidents referred to in the pleadings in this action. [¶] 2. Plaintiff(s) agree to accept said sum in full settlement and compromise of the action and agree that such payment shall fully and forever discharge and release all claims and causes of action of any kind or nature whatsoever, whether now known or no unknown, which plaintiff(s) [have] against any and all of the defendants in that action as well as their agents, attorneys, heirs, partners, predecessors, successors, assigns, employees, *827 insurers, firms. . . . [¶] 3. Plaintiff(s) and Defendants further agree to sign, acknowledge and deliver to defendants a standard form of a mutual Release with Civil Code § 1542 waivers of all such claims and causes of action. Plaintiff(s) further agree to sign and deliver to defendants a standard form of Dismissal with Prejudice of the action and a Dismissal with prejudice of the appeal of the order dismissing The Chadmar Group. [¶] 4. Plaintiff(s) shall protect and indemnify the defendants in said action (and his/ her/their) liability insurance carrier against any and all liens, subrogation claims and other rights that may be asserted by any person against the amount paid in settlement of the action or against any recovery by the plaintiff(s) in the action. [¶] 5. Counsel for each of the parties to this agreement represents that he/she has fully explained to his/her client(s) the legal effect of this agreement and the Release and Dismissal with Prejudice provided for herein and that the settlement and compromise stated herein is final and conclusive forthwith, and each attorney represents that his/her client(s) has freely consented to and authorized this agreement. [¶] 6. Payment of the stated settlement amount shall be made within 30 days of the satisfaction of [8](c) below." Paragraph 8(c) refers to a lien "filed" by Vintage Communities, Inc. in a Ventura County lawsuit.
On May 16, 2006, defendant filed with us a motion to dismiss or in the alternative to stay on the ground the present appeal had been rendered moot by the executed stipulated settlement. Plaintiff, which was represented by a new attorney, opposed the dismissal motion on ground the settlement agreement negotiated before Retired Justice Wallin is invalid due to mistake and the undue influence of plaintiff's former attorneys over June Ebensteiner. Mrs. Ebensteiner signed the settlement agreement as plaintiff's president. Plaintiff also argued that the settlement was ineffective because the lien provisions of the settlement agreement (referenced in paragraphs 4, 6, and 8(c) of the agreement) created a condition precedent which had not occurred.
On June 5, 2006, we assigned the trial judge, the Honorable Stanley M. Weisberg, to act as a referee to conduct an evidentiary hearing to determine whether the written settlement agreement is enforceable. It is common when there are factual issues which relate to the jurisdiction of an appellate court to assign a referee to decide those matters. (People v. Chapman (1971) 5 Cal.3d 218, 224-225, 95 Cal.Rptr. 533, 485 P.2d 1149 [whether defense counsel promised to file a notice of appeal and defendant asked that his conviction be appealed]; Glasser v. Glasser (1998) 64 Cal.App.4th 1004, 1008-1009, 75 Cal.Rptr.2d 621 [whether notice of entry of judgment was served].) After conducting the evidentiary hearing, the referee found the agreement was enforceable and recommended that the judgment be entered pursuant to section 664.6. The referee further found: plaintiff's claims concerning mistake and undue pressure were baseless; Mrs. Ebensteiner's testimony lacked credibility; her testimony was contradicted by her own declaration and one of her own witnesses; and Mrs. Ebensteiner understood the terms of the settlement and freely consented to its terms.
Following the filing of the referee's report, the parties filed supplemental briefs on the dismissal motion. Without citation to any authority, plaintiff argues the appeal should not be dismissed because: the settlement sum of $250,000 has not been paid nor tendered; the Vintage Communities, Inc. lien is still outstanding and has not been satisfied; and no standard *828 form or release has been drafted, circulated, or submitted for signature. Defendant contends the appeal must be dismissed because the settlement agreement is valid and enforceable as confirmed by the referee's report. In support of its contention, defendant relies on Muccianti v. Willow Creek Care Center (2003) 108 Cal.App.4th 13, 24, 133 Cal.Rptr.2d 1, Giles v. Horn (2002) 100 Cal.App.4th 206, 226-227, 123 Cal.Rptr.2d 735, and Rancho Solano Master Assn. v. Amos & Andrews, Inc. (2002) 97 Cal.App.4th 681, 688, 119 Cal.Rptr.2d 100.
Generally, courts decide only "actual controversies" which will result in a judgment that offers relief to the parties. (Paul v. Milk Depots, Inc. (1964) 62 Cal.2d 129, 132, 41 Cal.Rptr. 468, 396 P.2d 924; Lester v. Lennane (2000) 84 Cal.App.4th 536, 566, 101 Cal.Rptr.2d 86.) Thus, appellate courts as a rule will not render opinions on moot questions: "[W]hen, pending an appeal from the judgment of a lower court, and without fault of the [respondent], an event occurs which renders it impossible for [the reviewing court] if it should decide the case in favor of [appellant], to grant [appellant] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]" (Paul v. Milk Depots, Inc., supra, 62 Cal.2d at pp. 132, 134, 41 Cal.Rptr. 468, 396 P.2d 924; accord Coleman v. Department of Personnel Administration (1991) 52 Cal.3d 1102, 1126, 278 Cal.Rptr. 346, 805 P.2d 300; County of Fresno v. Shelton (1998) 66 Cal.App.4th 996, 1005, 78 Cal.Rptr.2d 272; Wax v. Infante (1983) 145 Cal.App.3d 1029, 1031, 194 Cal.Rptr. 14.) The policy behind this rule is that courts decide justiciable controversies and will normally not render advisory opinions. (Giles v. Horn, supra, 100 Cal.App.4th at pp. 226-227, 123 Cal. Rptr.2d 735; Finnie v. Town of Tiburon (1988) 199 Cal.App.3d 1, 10, 244 Cal.Rptr. 581; Wilson v. L.A. County Civil Service Com. (1952) 112 Cal.App.2d 450, 452-453, 246 P.2d 688; see also Consumer Cause, Inc. v. Johnson & Johnson (2005) 132 Cal. App.4th 1175, 1183, 34 Cal.Rptr.3d 258; Marshall v. Pasadena Unified School Dist. (2004) 119 Cal.App.4th 1241, 1259, 15 Cal.Rptr.3d 344.)
One such event occurring for which a reviewing court will dismiss an appeal is when the underlying claim is settled or compromised. (See General Petroleum Corp. v. Beilby (1931) 213 Cal. 601, 603-605, 2 P.2d 797; Armstrong v. Sacramento Valley R. Co. (1919) 179 Cal. 648, 650-651, 178 P. 516; Muccianti v. Willow Creek Care Center, supra, 108 Cal.App.4th at p. 24, 133 Cal.Rptr.2d 1; Rancho Solano Master Assn. v. Amos & Andrews, Inc., supra, 97 Cal.App.4th. at p. 688, 119 Cal. Rptr.2d 100; County of Fresno v. Shelton, supra, 66 Cal.App.4th at p. 1005, 78 Cal. Rptr.2d 272; 9 Witkin, California Procedure (4th ed. 1997) Appeal, § 644, p. 673; see also Lundquist v. Reusser (1994) 7 Cal.4th 1193, 1202, fn. 8, 31 Cal.Rptr.2d 776, 875 P.2d 1279 [case rendered moot by settlement pending appeal but decided on the basis of continuing public importance]; Burch v. George (1994) 7 Cal.4th 246, 253, fn. 4, 27 Cal.Rptr.2d 165, 866 P.2d 92 [settlement rendered appeal "technically moot" but issues decided on the basis of public benefit]; Landberg v. Landberg (1972) 24 Cal.App.3d 742, 746-747, 101 Cal. Rptr. 335 [stating that dismissal of settled claims as moot is appropriate but denying dismissal motion where material factual questions remained as to validity of settlement agreement].)
Our Supreme Court in Armstrong v. Sacramento Valley R. Co., supra, 179 Cal. 648 at pages 650-651, 178 P. 516 explained that dismissal of an appeal is the appropriate disposition for a suit that is compromised *829 or settled. This is because the law favors and encourages compromises and settlements of controversies made in or out of court. (Ibid.) The Supreme Court has explained that a settlement operates as a merger and ban as to all pre-existing claims and those alleged in the lawsuit that have been resolved. (Id. at p. 651, 178 P. 516; accord Folsom v. Butte County Assn. of Governments (1982) 32 Cal.3d 668, 676, fn. 13, 186 Cal.Rptr. 589, 652 P.2d 437; see also Gregory v. Hamilton (1978) 77 Cal. App.3d 213, 221, 142 Cal.Rptr. 563.) As the Supreme Court explained: "The agreement in question, being a voluntary settlement of the controversy made during the pendency of an appeal from a judgment embodying the controversy, it became as binding and effective upon all of the parties as the judgment itself would have been had it become final [citations] and therefore it must be held that the agreement of compromise and settlement extinguished the judgment, and that any subsequent remedy of the parties with reference to the matters included therein must be based upon the compromise agreement alone." (Armstrong v. Sacramento Valley R. Co., supra, at p. 651, 178 P. 516.) The relevant rule can be summarized as follows: "Even if entered into after the rendition of a judgment on the disputed agreement or right, the compromise agreement has the same legal effect. Consequently, an agreement where a preexisting legal controversy involving rights and obligations is definitely settled pending appeal from a judgment is an agreement of compromise extinguishing the judgment. Any subsequent remedy of the parties with references to the matters included in the agreement must be based exclusively on that agreement." (1 Cal. Jur.3d (Rev) Part 1, Accord and Satisfaction, § 74, p. 389.) In short, a valid settlement agreement between the parties effectively extinguishes the judgment from which the appeal is taken, thus, ending the prior dispute between the parties. (Armstrong v. Sacramento Valley R. Co., supra, 179 Cal. at p. 651, 178 P. 516.)
Application of these principles establishes that the appeal from the demurrer dismissal has been rendered moot by the settlement agreement. The present appeal involves the sufficiency of the fraud, conspiracy, and fiduciary duty breach allegations in the second amended complaint. A disposition of reversal in this case would require a determination of the sufficiency of plaintiff's fraud, conspiracy, and fiduciary duty breach claims against defendant. However, by the express terms of the settlement agreement, that controversy no longer exists. As a result, we cannot grant plaintiff any relief by reversing an order for claims that have been settled and compromised. Indeed, the settlement agreement explicitly requires the present appeal to be dismissed.
Plaintiff contends, however, the appeal should not be dismissed as moot because: defendant has not tendered the settlement amount; the lien has not been satisfied; and the parties have not executed the releases. No doubt, an appeal will not be dismissed as moot if material questions remain for determination. (Eye Dog Foundation v. State Board of Guide Dogs for the Blind (1967) 67 Cal.2d 536, 541, 63 Cal.Rptr. 21, 432 P.2d 717; County of Fresno v. Shelton, supra, at 66 Cal. App.4th at p. 1006, 78 Cal.Rptr.2d 272; Landberg v. Landberg, supra, 24 Cal. App.3d at pp. 746-747, 101 Cal.Rptr. 335; see also Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2005) ¶ 5:33.1 p. 5-12.) We conclude that no such material questions remain for determination. Plaintiff initially claimed the dismissal of the appeal was improper because the parties did not actually reach an agreement to settle. Further, *830 plaintiff argued Mrs. Ebensteiner only signed the settlement agreement because of mistake or undue influence. These were the only material questions raised by plaintiff's opposition to defendant's dismissal motion filed in this court. However, the referee resolved all the disputed factual matters regarding mistake and undue influence against plaintiff. (Daluiso v. Nicassio (1940) 41 Cal.App.2d 709, 714, 107 P.2d 460; see also Gauss v. GAF Corp. (2002) 103 Cal.App.4th 1110, 1116, 127 Cal.Rptr.2d 370; Skulnick v. Roberts Express, Inc. (1992) 2 Cal.App.4th 884, 889, 3 Cal.Rptr.2d 597; Estate of Dipinto (1987) 188 Cal.App.3d 625, 629, 231 Cal. Rptr. 612; Casa de Valley View Owner's Assn. v. Stevenson (1985) 167 Cal.App.3d 1182, 1189-1190, 213 Cal.Rptr. 790.) More critically, the mistake and undue influence contentions have nothing to do with the fraud, conspiracy, and fiduciary duty breach allegations in the second amended complaint.
After the referee found there was no mistake or undue influence, plaintiff's opposition to defendant's dismissal motion centered on claims that the parties have not performed under the terms of the settlement agreement. This does not elevate the dispute into a material issue left to be resolved by this court in the current appeal. The appeal was based on the sufficiency of the allegations in the second amended complaint. Any issues concerning the sufficiency of the second amended complaint were rendered moot by the settlement agreement. Once the settlement agreement was signed, the only issue remaining between the parties was its enforceability. Plaintiff's challenge to the settlement agreement involves an entirely new dispute. The original dispute has been superseded by the settlement agreement. (See General Petroleum Corp. v. Beilby, supra, 213 Cal. at pp. 603-605, 2 P.2d 797; McCartney v. Campbell (1930) 208 Cal. 647, 648, 284 P. 220; Breaux v. Agricultural Labor Relations Bd. (1990) 217 Cal.App.3d 730, 743, 265 Cal.Rptr. 904.) Plaintiff's remedy for the failure to perform the settlement agreement must be based "exclusively" on that agreement. (See Armstrong v. Sacramento Valley R. Co., supra, 179 Cal. at p. 651, 178 P.516 1 Cal. Jur.3d (Rev) Part 1, Accord and Satisfaction, § 74, pp. 388-389; see also Levy v. Superior Court (1995) 10 Cal.4th 578, 586 fn. 5, 41 Cal.Rptr.2d 878, 896 P.2d 171 [settlement agreement can be enforced by summary judgment, an action in equity or by amended pleading]; Gauss v. GAF Corp., supra 103 Cal.App.4th at p. 1122, 127 Cal.Rptr.2d 370 [listing means by which a settlement agreement may be enforced].) In any event, the existence of a potential controversy about enforcing the settlement agreement does not permit the present appeal which involves entirely moot questionsthe sufficiency of the allegations in the second amended complaintto proceed. Given our analysis, we need not address issues concerning section 664.6.
The appeal is dismissed. Pursuant to the parties' settlement agreement, they are all to bear their own costs on appeal.
ARMSTRONG and KRIEGLER, JJ., concur.
NOTES
[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated. Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." We do not address the application of section 664.6 while a case is dismissed and pending on appeal.