Filed 8/26/13  Carrillo v. Woodford CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ARACELI CARRILLO, | D062480 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. EV19722) |
| DUSTIN M. WOODFORD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, William C. Gentry, Jr., Judge.  Dismissed.

Dustin M. Woodford, in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Dustin M. Woodford appeals a restraining order prohibiting him from, among other conduct, possessing a firearm.  Woodford contends the trial court abused its discretion by not granting him an exemption from that prohibition because he needs to carry a firearm as part of his job.  He asks us to remand the matter to the trial court with directions to modify the restraining order to grant the exemption upon a proper

evidentiary showing concerning his employment.  We decline Woodford's request and dismiss his appeal as moot.

DISCUSSION

In processing the appeal, we noticed the restraining order expired by its own terms on June 13, 2013.  We solicited supplemental letter briefs from the parties on whether the appeal is moot and should be dismissed.  Neither party responded.

Under well-established principles, this appeal is moot and must be dismissed.  "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot."  (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)  "[A]ppellate courts as a rule will not render opinions on moot questions:  '[W]hen, pending an appeal from the judgment of a lower court, and without fault of the [respondent], an event occurs which renders it impossible for [the reviewing court] if it should decide the case in favor of [appellant], to grant [appellant] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.'"  (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.)  Since the restraining order challenged by Woodford has expired, his appeal is moot and must be dismissed.

DISPOSITION

The appeal is dismissed.

_____
IRION, J.

WE CONCUR:


_____
BENKE, Acting P. J.


_____
HUFFMAN, J.

3