Filed 1/24/14  Gonzalez v. Kuerbiss CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JONATHAN G. GONZALEZ, | D063410 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DV036134) |
| JERALDIN KUERBISS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Christine K. Goldsmith, Judge.  Dismissed.

Jeraldin Kuerbiss, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jeraldin Kuerbiss appeals from a one-year restraining order prohibiting her from contacting her former boyfriend, Jonathan Gonzalez.  In processing the appeal, we noted the restraining order expired by its own terms on November 18, 2013.  We solicited supplemental briefs from the parties on whether the appeal is moot and should be dismissed.  Neither party responded.

Under well-established principles, this appeal is moot and must be dismissed. "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.) "[A]ppellate courts as a rule will not render opinions on moot questions: '[W]hen, pending an appeal from the judgment of a lower court, and without fault of the [respondent], an event occurs which renders it impossible for [the reviewing court] if it should decide the case in favor of [appellant], to grant [appellant] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.)

The restraining order challenged by Kuerbiss has expired. Thus, her appeal is moot and must be dismissed.

DISPOSITION

The appeal is dismissed. The parties to bear their own costs.

HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


McINTYRE, J.

2