Filed 6/10/15  P. v. Phillips CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD PHILLIPS,<br><br>    Defendant and Appellant. | A141805<br><br>(Napa County<br>Super. Ct. No. CR6195) |

Donald Phillips appealed an order extending his not guilty by reason of insanity commitment, contending the trial court exceeded its jurisdiction and violated his right to due process by extending the commitment beyond the permissible period.  Respondent agreed that the order required modification.  The trial court having since granted the relief sought, we will dismiss the appeal.

## STATEMENT OF THE CASE

On November 15, 2013, the Napa County District Attorney filed a petition to extend appellant's commitment (Pen. Code, § 1026.5) for two years following expiration of his then-current commitment on April 1, 2014.[1]  After continuances, jury trial began on April 7, 2014.  On April 9, 2014, the jury found appellant represented a substantial danger of physical harm to others by reason of a mental disease, defect or disorder, and

---

[1] The petition erroneously stated the extension was sought from April 1, 2012, to April 2, 2014, but correctly stated that the current commitment would expire on April 1, 2014.

1

the trial court ordered appellant's commitment extended to April 9, 2016. Appellant filed a timely notice of appeal.

Appellant filed his opening brief in this court on September 5, 2014; respondent, in its brief filed on October 15, 2014, agreed that the trial court's order should be modified to state that appellant's commitment was extended to April 1, 2016, rather than to April 9, 2016. Appellant's attorney informed this court no reply brief would be filed since the parties were seeking the same remedy.

On November 14, 2014, the trial court ordered its commitment order amended to reflect a commitment period of April 1, 2014, to April 1, 2016. The trial court filed its amended order on November 19, 2014.

## DISCUSSION

After learning that the trial court had granted the only relief sought by appellant, this court asked the parties if dismissal of the appeal would be appropriate. Both responded in the affirmative. Since the trial court's amended order has provided the relief sought by both parties, this appeal is moot. (See *Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.)

## DISPOSITION

The appeal is dismissed as moot.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.