Filed 8/26/15  Newhall School Dist. v. Acton-Agua Unified School Dist. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NEWHALL SCHOOL DISTRICT, Plaintiff and Appellant, v. ACTON-AGUA DULCE UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents; ALBERT EINSTEIN ACADEMY FOR LETTERS, ARTS AND SCIENCES, INCORPORATED, Real Party in Interest. | B260731 (Los Angeles County Super. Ct. No. BS149061) |

APPEAL from an order of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Appeal dismissed.

Dannis Woliver Kelley, Sue Ann Salmon Evans and Karl H. Widell for Plaintiff and Appellant.

Dannis Woliver Kelley, Sue Ann Salmon Evans and Karl H. Widell for Castaic Union School District, Saugus Union School District, Sulphur Springs Union School District, William S. Hart Union High School District and Inglewood Unified School District as Amici Curiae on behalf of Plaintiff and Appellant.

David Holmquist and Devora Navera-Reed for Los Angeles Unified School District as Amicus Curiae on behalf of Plaintiff and Appellant.

Andra M. Donovan for San Diego Unified School District as Amicus Curiae on behalf of Plaintiff and Appellant.

Law Office of Jose A. Gonzales and Jose A. Gonzales for Vista Unified School District as Amicus Curiae on behalf of Plaintiff and Appellant.

Girard & Edwards, David W. Girard, Heather M. Edwards and Eric E. Stevens for Defendant and Respondent Acton-Agua Dulce Unified School District.

Young, Minney & Corr, Paul C. Minney and Kathleen M. Ebert for Respondent and Real Party in Interest Albert Einstein Academy for Letters, Arts and Sciences, Incorporated.

_____

## INTRODUCTION

Plaintiff school district filed a petition seeking a writ of mandate (Code Civ. Proc., § 1085) to compel defendant school district to rescind the approval of the petition of real party in interest for a charter for an elementary school to be located outside the boundaries of defendant's district and within plaintiffs' district. The trial court declined to rescind the charter *ab initio* for violation of the Charter Schools Act of 1992 (Ed. Code, § 47600 et seq.).[1] Instead, the court remanded the matter to defendant to hold a new hearing that complied with the provisions of the Act for placing charter schools out of district. (§§ 47605 & 47605.1.) Plaintiff's appeal challenges the court's refusal to revoke the charter immediately while remanding the case to defendant. After plaintiff filed its appeal, defendant held a new hearing, as directed by the trial court, and approved a new charter, and real party in interest surrendered the charter at issue. We hold the appeal is moot because plaintiff seeks to rescind a charter that no longer exists and so we are unable to provide plaintiff with any effective relief. We dismiss the appeal as moot.

## SUMMARY OF FACTS AND PROCEEDINGS

The Charter Schools Act generally requires that charter schools be located within the districts or counties where they are chartered. (§ 47605, subd. (a)(1).) The Act

_____

[1] All further statutory references are to the Education Code, unless otherwise noted.

2

allows a school district to locate a charter school within the geographic boundaries of another school district within the same county, provided it notifies the receiving district in advance of approving the charter petition, and either the school has unsuccessfully attempted to locate a single site in the home district, or a temporary site is needed during construction or expansion. (*Id*., subds. (a)(1) & (a)(5).)[2]

On May 16, 2013, defendant Acton-Agua Dulce Unified School District (Acton) approved the petition of real party in interest AEALAS (Einstein Academy) for a charter for the elementary school called AEA-SCV. However, during the approval process, Acton failed (1) to consider whether AEA-SCV attempted to locate within Acton's boundaries but was unable to, and (2) to notify plaintiff Newhall School District (Newhall) that Einstein Academy contemplated locating the school in Newhall's geographical boundaries, 25 miles away.

After Acton's approval of the charter, AEA-SCV was housed in Acton's two elementary school facilities for the 2013-2014 school year. Because one of the facilities needed renovation, Acton granted AEA-SCV use of that campus for only one year, at the

---

[2]   Section 47605 reads in relevant part, "Except as set forth in paragraph (2), a petition for the establishment of a charter school within a school district may be circulated by one or more persons seeking to establish the charter school. A petition for the establishment of a charter school shall identify a single charter school that will operate within the geographic boundaries of that school district. A charter school may propose to operate at multiple sites within the school district, as long as each location is identified in the charter school petition. . . ." (*Id*., subd. (a)(1).) Section 47605, subdivision (a)(5) provides however, that "A charter school that is unable to locate within the jurisdiction of the chartering school district may establish one site outside the boundaries of the school district, but within the county in which that school district is located, if the school district within the jurisdiction of which the charter school proposes to operate is notified in advance of the charter petition approval, the county superintendent of schools and the Superintendent are notified of the location of the charter school before it commences operations, and either of the following circumstances exists:  [¶]  (A) The school has attempted to locate a single site or facility to house the entire program, but a site or facility is unavailable in the area in which the school chooses to locate.  [¶]  (B) The site is needed for temporary use during a construction or expansion project." Section 47605.1, subdivision (d) contains the same language as does section 47605, subdivision (a)(5).

3

end of which, Einstein Academy understood that the campus would be closed. Einstein Academy located a new site in Newhall's district for the academic year 2014-2015. Einstein Academy then sought a material revision of its charter addressing the new location of AEA-SCV's facility and provided notice to Newhall's superintendent. Acton approved the material revision in June 2014.

Newhall's ensuing writ petition alleged that Acton violated its clear, present, ministerial duty to deny Einstein Academy's charter petition for AEA-SCV by failing (1) to ensure that Newhall was given notice prior to approval of the charter as required by sections 47605 and 47605.1, and (2) to make the requisite finding that Einstein Academy could not locate within Acton's boundaries as required by section 47605, subdivisions (a)(1) and (a)(5). Newhall also alleged that Acton engaged in a fraudulent scheme to authorize charter schools to operate within the boundaries of surrounding districts so as to divert students along with their average daily attendance funds from their resident districts. Newhall's petition sought a declaration that the charter approval was either void or that Acton must revoke it, and a writ directing Acton to set aside and revoke the charter approval.

In October 2014, the trial court determined that Acton's decision to approve AEA-SCV's charter was quasi-legislative. It ruled that Acton acted arbitrarily and capriciously, and failed to follow procedure during its May 2013 public hearing on approval of the charter because Acton made no written or oral findings that (1) AEA-SCV could not locate its facility within Acton's boundaries, and that (2) AEA-SCV gave statutory notice to the district where the charter school proposed to locate prior to charter petition approval. (§§ 47605 & 47605.1.) The trial court also ruled that Acton's plan to generate revenue by locating charter schools outside of its district's boundaries violated the intent and purpose of the Charter Schools Act.

The trial court granted Newhall's petition in part. The court found that Acton's original approval of AEA-SCV's charter must be set aside and so the court vacated the charter approval. However, the court remanded the matter to Acton to hold a new public hearing and make findings under section 47605 without considering revenue generation.

4

The court explained that it would not preclude Acton from approving AEA-SCV's charter, or any other charter where a school intends to locate outside the district, but that Acton must apply the Charter Schools Act criteria properly and not as a revenue generating device.

The trial court denied part of Newhall's petition in that it refused to revoke the charter and declined to enjoin AEA-SCV from continuing to operate while Acton conducted a new approval process. The court found that closing the school would disrupt students and teachers, while providing little benefit to Newhall. The court set a deadline of February 5, 2015 for completion of the new approval process to prevent AEA-SCV from operating indefinitely without charter approval. These findings were set forth in the court's tentative decision, which was adopted as modified during oral argument on the writ petition. If Acton failed to comply with the court's remand order by February 5, 2015, the court stated that it would enter judgment in favor of Newhall and issue a writ compelling the closure of AEA-SCV.

Newhall served Acton and Einstein Academy with a notice of ruling on the petition for writ of mandate. The notice provided that an order to show cause re judgment and writ vacating the charter was set for February 5, 2015. On December 12, 2014, Newhall filed its notice of appeal.

On February 2, 2015, Acton and Einstein Academy filed with the trial court a joint statement asserting they complied with the trial court's remand order by submitting and approving a petition to create a new charter school to be named Albert Einstein Academy for Letters, Arts and Sciences, Science, Technology, Engineering, Arts, and Mathematics (STEAM). Newhall replied that its notice of appeal automatically stayed all proceedings in the trial court.

The trial court declined to take any further action because Newhall's appeal divested that court of jurisdiction.[3]

---

[3] Although not properly part of the record because filed after the notice of appeal, we take judicial notice of the February 2015 proceedings because they are relevant to our conclusion that this appeal is moot. (*County of Los Angeles v. Glendora Redevelopment*

5

Newhall's appeal does not challenge the trial court's findings; its assignment of error concerns solely the court's remedy. Newhall contends that "the trial court's refusal to order AEA-SCV to cease operating within its boundaries, and the order 'remanding' the matter for the creation of a 'new' charter school while the old one operated without legal sanction, prejudiced Newhall and its constituents, and constitutes error" with the result the court should have ordered AEA-SCV to cease operations immediately, i.e., in October 2014.

"Generally, courts decide only 'actual controversies' which will result in a judgment that offers relief to the parties. [Citations.]" (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178.) "The appellate court cannot render opinions ' "upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*City of Los Angeles v. County of Los Angeles* (1983) 147 Cal.App.3d 952, 958; *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134.) Usually, "an appeal will be dismissed as 'moot' when, through no fault of respondent, the occurrence of an event renders it impossible for the appellate court to grant appellant any effective relief. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 5:22, p. 5-6.)

The trial court's remand order required Acton to hold a new hearing to approve a new charter petition, while allowing AEA-SCV to remain open until the parties appeared in court in February 2015. As both Acton and Einstein Academy observe in their respondents' briefs and as Newhall is aware, through no fault of respondents, because done in direct response to the trial court's ruling, Acton held a new hearing and authorized a new charter school petition for STEAM, which school will commence operation in the 2015-2016 academic year and will replace AEA-SCV. Also, we granted Newhall's request to take judicial notice that on May 14, 2015, Acton accepted AEA-

*Project* (2010) 185 Cal.App.4th 817, 830-831 [courts have considered events subsequent to a notice of appeal when those events have mooted issues on appeal.].)

SCV's request to surrender its charter. Newhall's appeal seeks to close a school that no longer exists with the result there is no actual controversy and we are unable to provide Newhall with any effective relief. Therefore, the appeal is moot.

Newhall argues that its appeal is not moot because STEAM is the same as AEA-SCV, would not exist but for the trial court's order, and Acton did not follow the closure protocols in the AEA-SCV charter. However, the STEAM charter petition, its approval, and AEA-SCV's charter surrender all occurred after the ruling appealed from.

" 'It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.] 'This rule preserves an orderly system of appellate procedure by preventing litigants from circumventing the normal sequence of litigation.' [Citation.]" (*County of Los Angeles v. Glendora Redevelopment Project*, *supra*, 185 Cal.App.4th at pp. 830-31.) Courts have considered subsequent events when the facts are undisputed. (*Id.* at p. 831.) However, this exception does not apply here. Whether the STEAM charter, its approval, and the AEA-SCV charter surrender complied with the trial court's directive, are factual issues that must be addressed by the trial court in the first instance.

Finally, Newhall cites the exception to mootness that "[w]hen an action involves a matter of continuing public interest that is likely to recur, a court may exercise an inherent discretion to resolve that issue, even if an event occurring during the pendency of the appeal normally would render the matter moot. [Citations.]" (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 867.) Newhall argues that "[g]eographic restrictions under the Charter Schools Act are a matter of significant public interest and have spawned litigation across the state." The court is aware that a number of proceedings are pending in California challenging the authorization of charters to operate schools outside of the districts that approved them. However, this appeal does not address the substantive issues concerning sections 47605 and 47605.1; it challenges the trial court's remedy. Whether the trial court should have revoked this particular charter in October 2014 is a moot question because that school no

7

longer exists and any challenge to the approval of the STEAM charter is not reviewable here.  Thus, any opinion we issue will have no effect on this case.  We neither decide principles of abstract law nor engage in idle acts.  (*City of Los Angeles v. County of Los Angeles*, *supra*, 147 Cal.App.3d at p. 958; Civ. Code, § 3532.)  This appeal is moot and no exception applies to justify our addressing the merits.[4]

DISPOSITION

The appeal is dismissed.  Each party to bear its own costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




ALDRICH, J.



We concur:




EDMON, P. J.




JONES, J.[*]

---

[4]    As the result of this ruling, we do not address the motions of Acton and Einstein Academy filed on May 22, 2015 to dismiss the appeal on the grounds it was taken from a non-appealable order.

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.