Filed 8/30/21  Morris v. Whitsitt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| CHLOE MORRIS, | C090783 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCVUCH20190012714) |
| v. | |
| WILLIAM JOEL WHITSITT, | |
| Defendant and Appellant. | |

Defendant William Joel Whitsitt appeals from a civil harassment restraining order that temporarily restrained him from harassing or contacting respondent Chloe Morris for one year.  The restraining order expired by its own terms in October 2020.  Because the restraining order is no longer in effect, we dismiss the appeal as moot.

## I.  BACKGROUND

While not entirely clear from the record or defendant's brief, as far as we can discern, some sort of dispute involving a dog arose between Morris, her parents, and defendant while Morris and defendant both attended bible college at Christian Life

1

college.  Defendant wrote a letter, which he characterized as an apology for the dog matter, and asked Morris to convey the message to her parents.

Sometime in 2019, Morris filed for a civil harassment restraining order against defendant pursuant to Code of Civil Procedure section 527.6 in case No. STKCVUCH20190012714; Morris apparently attached a letter that defendant had written her as an exhibit to the request.[1]  Although defendant's response is included in the record, Morris's initial restraining order request and any attachments are not.

After a hearing on October 10, 2019, before judicial officer Jayne Lee,[2] in which both Morris and defendant testified, Lee granted Morris a one-year restraining order against defendant.  Defendant was prohibited from "[h]arass[ing], intimidat[ing], molest[ing], attack[ing], strik[ing], stalk[ing], threaten[ing], assault[ing] (sexually or otherwise), hit[ting], abus[ing], destroy[ing] personal property of, or disturb[ing] the peace of [Morris]."  He was also prohibited from "[c]ontact[ing] [Morris], either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means."  The restraining order was for conduct only and did not require defendant to stay any specific distance away from Morris.  The restraining order expired by its own terms on October 10, 2020.

Defendant timely appealed the restraining order in case No. STKCVUCH20190012714.[3]  As noted above, the appellate record omits several key documents, such as Morris's request for the restraining order, and does not include a

---

[1]  Further undesignated statutory references are to the Code of Civil Procedure.

[2]  At the time of the hearing, Lee was a commissioner and has since become a judge.

[3] Although defendant filed his notice of appeal in November 2019, he did not successfully file a conforming opening brief until December 11, 2020.

reporter's transcript of the proceedings below. While defendant requested to proceed by a settled statement, he did not describe the witnesses, testimony, or documentary evidence considered by the court at the hearing; Morris objected to his proposed settled statement, noting both she and defendant testified at the hearing and that the court did not sustain any of defendant's objections to her testimony or documentary evidence.

## II. DISCUSSION

Section 527.6, subdivision (a)(1) provides that a "person who has suffered harassment," may seek a temporary restraining order and an injunction. "Harassment" is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in section 527.6, we resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge all legitimate and reasonable inferences in support of the trial court's findings. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

Defendant filed a lengthy opening brief that fails to cite to the record or, for the most part, applicable authority, challenging the civil harassment restraining order.[4] Morris did not file a responsive brief. We will not address defendant's appellate claims

---

[4] "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. . . . [C]onclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see Cal. Rules of Court, rule 8.204(a)(1)(C) [the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)

(to the extent we can glean them from the briefing), however, because his appeal is moot.[5]

It is well settled that courts decide actual controversies and normally will not render opinions that are merely advisory. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.) An appeal is moot where, through no fault of the respondent, an event occurs that renders it impossible for the reviewing court to provide the appellant effective relief. (*Ibid.*) "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)

In this case, it is undisputed that the civil harassment restraining order expired by its own terms on October 10, 2020—two months before defendant filed a conforming opening brief in this appeal. And nothing in the record shows that the civil harassment restraining order has been renewed. Thus, there is no effective relief we can grant defendant on appeal. (Cf. *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [appeal from expired civil harassment restraining order is not moot *if* the order has been renewed].)

While an appellate court may exercise its discretion to hear an otherwise moot case, the circumstances warranting such review are extremely limited. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088.) They include: (1) the case raises an issue of broad public interest; (2) the conduct leading to the underlying action is likely to recur; or (3) a

---

[5] Defendant also claims to challenge criminal protective orders that were issued in two separate criminal matters (case Nos. STK-CR-MI-2019-14050 and STK-CR-MI-2020-5228), but his notice of appeal applies *only* to the civil harassment restraining order. We therefore do not address any claims related to the criminal protective orders.

material question remains for the court to decide.  (*Ibid.*)  None of these circumstances exist here.  Accordingly, we shall dismiss the appeal as moot.

### III.  DISPOSITION

The appeal from the order granting a civil harassment restraining order in favor of Morris and against defendant in case No. STKCVUCH20190012714 is dismissed as moot.  Each party shall bear his or her own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/S/

RENNER, J.


We concur:


/S/

MAURO, Acting P. J.


/S/

HOCH, J.