Filed 7/21/23  Monti v. Pantoja CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| NANNETTE MONTI,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>EDELMIRA PANTOJA,<br><br>  Defendant and Appellant. | D080253<br><br><br><br>(Super. Ct. No. 37-2022-00003296-CU-HR-NC) |

APPEAL from an order of the Superior Court of San Diego County, Kelly Mertsoc, Commissioner.  Dismissed.

Edelmira Pantoja, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Edelmira Pantoja appeals from a civil harassment restraining order that for six months prevented her from contacting and/or harassing her prior tenant, Nannette Monti.  The restraining order expired by its own terms in August 2022.  Because the order is no longer in effect and no exception to the mootness doctrine applies, we dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

Monti rented property from Pantoja until approximately October 2020. At some point after that, Monti's daughter and her daughter's fiancé began renting the same property from Pantoja.

On January 5, 2022, Pantoja filed a petition under Code of Civil Procedure section 527.6[1] seeking a restraining order against Monti. She alleged that Monti had verbally threatened her.[2] A few weeks later, on January 27, 2022, Monti filed her own petition under section 527.6 seeking a restraining order against Pantoja and alleging various forms of harassment.[3]

On February 14, 2022, the court held a hearing on Monti's restraining order petition. Monti appeared, but Pantoja did not. After finding that Pantoja had been properly served and listening to argument, the court granted Monti's petition for a restraining order against Pantoja to expire after six months on August 14, 2022. Less than one month later, Pantoja filed a notice of appeal.[4]

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]  An ex parte temporary restraining order was issued and a hearing scheduled for January 21, 2022. The record does not indicate whether that hearing went forward or its outcome.

[3]  Monti's filed proof of service indicated that a process server had personally served Pantoja with the restraining order petition at 9703 Antwerp Street in Los Angeles on February 9, 2022.

[4]  At the same time as her notice of appeal was filed, Pantoja also submitted a request to terminate the February 14, 2022 restraining order, claiming she has not lived at 9703 Antwerp Street since 1988 and was never served with Monti's petition for the restraining order. In support of that request, she submitted a declaration from another individual stating that the

## DISCUSSION

Section 527.6, subdivision (a)(1) provides that a "person who has suffered harassment" may seek a temporary restraining order and an injunction after a hearing. Pantoja contends the February 14, 2022 restraining order against her must be reversed because there was insufficient evidence of "harassment" and because Pantoja was never properly served with notice of the hearing. We need not address these arguments, however, because we conclude the appeal is moot.[5]

It is well settled that courts decide actual controversies and generally do not render opinions that are merely advisory. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.) An appeal is moot where, through no fault of the respondent, an event occurs that renders it impossible for the reviewing court to provide the appellant with effective relief. (*Ibid.*) "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)

Here, it is undisputed that the civil harassment restraining order against Pantoja expired by its own terms on August 14, 2022—more than a month before Pantoja filed her opening brief in this appeal. And nothing in the record shows that the civil harassment restraining order has been renewed. Thus, there is no effective relief we can grant Pantoja on appeal. (Cf. *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [appeal from

---

sheriff had attempted to serve Pantoja at his address, 9703 Antwerp Street, but that he did not know her and had lived at this address for five years.

[5] Although we asked the parties to provide supplemental briefing on mootness, neither filed any response.

expired civil harassment restraining order is not moot *if* the order has been renewed].) Although an appellate court may exercise its discretion to hear an otherwise moot case, the circumstances warranting such review are extremely limited and do not exist here. (See *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088 [outlining exceptions to mootness doctrine as (1) the case raises an issue of broad public interest, (2) the conduct leading to the underlying action is likely to recur, or (3) a material question remains for the court to decide].) Accordingly, we dismiss the appeal as moot.

DISPOSITION

The appeal is dismissed. Each party shall bear her own costs.

DATO, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.