Filed 11/19/24  F.S. v. H.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| F.S., | C099974 |
| Plaintiff and Respondent, | (Super. Ct. No. 23DV02357) |
| v. | |
| H.B., | |
| Defendant and Appellant. | |

On September 26, 2023, the trial court issued a one-year domestic violence restraining order protecting plaintiff F.S. and I.S. (who is F.S.'s adult daughter) from defendant H.B.  The order expired by its own terms on September 26, 2024.  On appeal, H.B. asks us to reconsider the restraining order.  Because the order is no longer in effect, we will dismiss the appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

While not entirely clear from the record, as far as we can discern, S.R. and H.B. used to be in a romantic relationship and have three children together.  F.S. is S.R.'s

mother, and grandmother to H.B.'s three children. H.B. lived at F.S.'s home from July to December 2022. There was some sort of abusive incident between the two on December 20, 2022.

On July 14, 2023, in Sacramento County case No. 22DV03659 (which is not at issue in this appeal), the trial court issued a one-year domestic violence restraining order protecting H.B. and her children from S.R.

On September 11, 2023, in Sacramento County case No. 23DV02474 (which is also not at issue in this appeal), the trial court held a hearing and declined to issue a domestic violence restraining order protecting I.S. from H.B. because the two did not have the required relationship. (Fam. Code, §§ 6300, 6301, 6211.)[1]

In August 2023, in Sacramento County case No. 23DV02357 (case No. 2357), F.S. filed for a domestic violence restraining order against H.B. (§ 6200 et seq.) The record does not contain a copy of the initial request or any response.

On September 26, 2023, the trial court held a hearing and issued a domestic violence restraining order protecting F.S. and I.S. from H.B. that expired on September 26, 2024. During the hearing, the court heard testimony from H.B. and F.S. The court found F.S. and H.B. were members of a household, because H.B. was the mother of F.S.'s three grandchildren. In addition, H.B. lived at F.S.'s home from July to December 2022. The court further found by a preponderance of the evidence that an incident that occurred on December 20, 2022, was abuse as defined by the Family Code and Domestic Violence Prevention Act. (§§ 6200 et seq., 6203.) The record does not contain a reporter's transcript of this hearing.

---

[1]    Undesignated statutory references are to the Family Code.

H.B. timely appealed the domestic violence restraining order in case No. 2357. As noted above, the appellate record omits several key documents, including the reporter's transcript of the proceedings below.

## DISCUSSION

Under the Domestic Violence Prevention Act, the court may issue a domestic violence restraining order upon evidence showing, "to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300, subd. (a).) Only people with certain specified relationships are eligible for a domestic violence restraining order, including cohabitants or former cohabitants, and a child of a party. (§§ 6301, 6211.)

H.B. filed an opening brief challenging the domestic violence restraining order. H.B.'s brief fails to cite any applicable authority, and, for the most part, fails to cite to the record. F.S. did not file a responsive brief. We will not address H.B.'s appellate claims because her appeal is moot.

It is well settled that courts decide actual controversies and normally will not render opinions that are merely advisory. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.) An appeal is moot where, through no fault of the respondent, an event occurs that renders it impossible for the reviewing court to provide the appellant effective relief. (*Ibid*.) " 'If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot.' " (*City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.)

In this case, it is undisputed that the domestic violence restraining order expired by its own terms on September 26, 2024. Nothing in the record shows that the restraining order has been renewed. Thus, there is no effective relief we can grant H.B. on appeal. (Cf. *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [appeal from expired civil harassment restraining order is not moot if the order has been renewed].)

3

While an appellate court may exercise its discretion to hear an otherwise moot case, the circumstances warranting such review are extremely limited. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088.) They include: (1) the case raises an issue of broad public interest; (2) the conduct leading to the underlying action is likely to recur; or (3) a material question remains for the court to decide. (*Ibid*.) None of these circumstances exist here. Accordingly, we shall dismiss the appeal as moot.

## DISPOSITION

The appeal from the order granting a domestic violence restraining order in favor of F.S. and I.S. and against H.B. in case No. 2357 is dismissed as moot. Each party shall bear his or her own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
RENNER, J.


_____/s/_____
BOULWARE EURIE, J.

4