Filed 8/17/20  HSBC Bank USA v. Mohanna CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KEYHAN MOHANNA et al., <br><br> Defendant and Appellant. | A151378 <br><br> (San Francisco County Super. Ct. No. CGC-14-539280) |

Defendant Keyhan Mohanna, individually and as trustee of the Keyhan Mohanna Revocable Trust (Mohanna), appeals from an order refusing to set aside a default judgment entered against him and in favor of plaintiff HSBC Bank USA, National Association (HSBC).

While this appeal was pending, Mohanna filed for bankruptcy and the parties subsequently reached a settlement agreement in the bankruptcy court.  We hold the settlement has rendered the issues before us moot and dismiss the appeal.

1

# I. BACKGROUND[1]

In January 2007, Mohanna borrowed $612,500 from GreenPoint Mortgage Funding, Inc. to fund his purchase of a condominium located on Greenwich Street in San Francisco. The loan was evidenced by a note and secured by a deed of trust on the property. The rights under the note and deed later were transferred to HSBC.

Unbeknownst to HSBC, on April 21, 2014, its loan servicer executed and recorded a reconveyance of the deed of trust in the San Francisco Recorder's Office even though Mohanna had not fully paid off his loan. HSBC learned of the reconveyance shortly after it was recorded.

When Mohanna refused to reinstate the trust deed, HSBC filed a complaint against him in the San Francisco Superior Court alleging causes of action for cancellation of the erroneous reconveyance, declaratory relief invalidating the reconveyance, and unjust enrichment.

On October 13, 2015, HSBC filed a request for entry of default. The clerk entered the default as requested the same day.

In the year following entry of default, Mohanna commenced two separate bankruptcy proceedings, each of which stayed the proceedings in the superior court, including a pending prove-up hearing. (11 U.S.C. § 362(a).) The first bankruptcy case was dismissed in February 2016. In the second bankruptcy case, the bankruptcy court denied Mohanna's request for a temporary restraining order to prevent HSBC from proceeding with the

---

[1] Mohanna's opening brief does not provide any citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Instead, he improperly cites to a declaration he attached to his opening brief and to separately filed exhibits that include documents that are outside of the record. (Cal. Rules of Court, rule 8.204(d).) We therefore have drawn our factual summary of the case from HSBC's brief, which does properly cite to the record.

prove-up hearing in the superior court and permitted HSBC to proceed to judgment.

In November 2016, over one year after entry of default, Mohanna filed a motion under Code of Civil Procedure section 473 to set aside default based on extrinsic fraud and/or mistake. Mohanna claimed he did not receive notice of HSBC's moving papers in support of the request for default. He also claimed the loan on the property had "a number of illegalities" and denied having any financial relationship with HSBC. Mohanna argued he would "win on the merits of his case" because he had "a strong defense and substantial proof of the forgiveness of the debt, and subsequent recordation of the reconveyance which was properly processed."

HSBC opposed the motion, arguing it was untimely, did not comply with procedural requirements, and failed to provide sufficient justification to set aside the default. The trial court conducted a hearing on the motion and denied it agreeing with the arguments HSBC had advanced. Mohanna appealed from that order to this court (*HSBC USA, N.A. v. Mohanna* (Apr. 27, 2017, A150695), app. dism.), but we dismissed the appeal when Mohanna failed to pay his filing fee (Cal. Rules of Court, rule 8.100(b)(1)).

On January 12, 2017, the trial court held the default prove-up hearing and issued a judgment in favor of HSBC. The judgment declared the reconveyance that had been recorded in the San Francisco County Recorder's Office to be void, but declined to make any further findings as to title in the property.

Mohanna filed a motion to vacate the judgment and a motion that asked the court to reconsider the denial of his motion to set aside entry of default. On March 21, 2017, the trial court denied both motions. This appeal followed.

3

While this appeal was pending, HSBC filed a motion to dismiss arguing the appeal was moot because in March 2019, the trustee of the estate in a third bankruptcy proceeding initiated by Mohanna had entered into a settlement agreement with HSBC and other creditors.[2] (See *In re Mohanna* (Bankr. N.D.Cal., Sept. 5, 2018, 18-30983-DM).) HSBC argued that in light of the settlement, the appeal should be dismissed as moot.

Mohanna opposed the motion to dismiss, arguing the settlement agreement did not apply to the property he purchased because that property had been abandoned by the estate after the parties settled. Alternatively, Mohanna argued that even if this court should find the appeal moot, we should exercise our discretion "to resolve an issue that 'is of broad public interest and is likely to recur.' "

## II. DISCUSSION

The threshold question before us is whether the settlement between the parties in the bankruptcy court renders Mohanna's appeal moot.[3] Moot cases are " '[t]hose in which an actual controversy did exist but, by the passage of

---

[2] Information on the bankruptcy proceedings comes to us from exhibits attached to HSBC's request for judicial notice in support of its motion to dismiss. Under Evidence Code sections 452, 453, and 459, we grant HSBC's request as to the following exhibits: Chapter 13 bankruptcy petition (Exhibit 9); trustee's memorandum of points and authorities in support of motion to convert case to Chapter 7 (Exhibit 11); application for order authorizing trustee to enter into compromise (Exhibit 12), which attaches to the trustee's attorney's declaration the settlement agreement (Exhibit A thereto); and the bankruptcy court's order approving the settlement agreement and authorizing the trustee to enter into compromise (Exhibit 13). We deny the request as to the remaining exhibits because they are unnecessary for our resolution of the mootness issue.

[3] Although we agree with HSBC that Mohanna's failure to provide record citations in his opening brief forfeits his arguments on appeal, we see mootness as a more fundamental defect.

time or a change in circumstances, ceased to exist.' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) In assessing mootness, "[t]he pivotal question . . . is . . . whether the court can grant the plaintiff any effectual relief. [Citations.] If events have made such relief impracticable, the controversy has become 'overripe' and is therefore moot." (*Id.* at p. 1574.) Thus, "[a]n appeal becomes moot when, through no fault of the respondent, an event occurs that renders it impossible for the appellate court to grant the appellant effective relief." (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)

"One event that commonly results in mootness is the parties' settlement of the dispute." (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1005; see, e.g., *Muccianti v. Willow Creek Care Center* (2003) 108 Cal.App.4th 13, 23–24 [dismissing appeal from judgment in state court action as moot where parties settled claims in bankruptcy court pending appeal].) "[A] valid settlement agreement between the parties effectively extinguishes the judgment from which the appeal is taken, thus, ending the prior dispute between the parties." (*Ebesteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1180.) "[D]ismissal of an appeal is the appropriate disposition for a suit that is compromised or settled . . . because the law favors and encourages settlements of controversies made in or out of court." (*Id.* at p. 1179.)

Neither party challenges the validity of the settlement agreement, and thus the only question before us is whether the settlement moots Mohanna's appeal. As relevant here, by its own terms, the "[s]ettlement [a]greement concerns the real property commonly known as 1405 Greenwich Street, San Francisco, California 94109 (the 'Property'), which is a residential condominium project consisting of six individual units." Under the

paragraph entitled "Unit #3," the settlement agreement identifies the loan transaction at issue in this case; the April 21, 2014 reconveyance; the litigation between Mohanna and HSBC that followed; and the present appeal.

The settlement agreement also includes broad release language, which provides: "The Trustee, on behalf of the Bankruptcy Estate, the Debtor (in his individual capacity and on behalf of all trusts or other entities in which he has discretionary power to withdraw trust or entity assets for his own benefit), . . . *shall be deemed to have released and discharged . . . HSBC as Trustee . . . of and from all claims, causes of action, demands, losses, damages, liabilities, costs, and expenses (including attorneys' fees) of every nature . . . including, but not limited to, those arising out of or related to the Property, the Bankruptcy Case, the state court litigation . . . set forth above, . . . and including but not limited to any currently existing defenses to foreclosure.*" (Italics added.) The agreement further provides that HSBC shall pay $5,000 to the bankruptcy estate.

The parties agree, as do we, that the settlement agreement plainly covers the controversy in this appeal. HSBC alleged claims based on the erroneous reconveyance of Mohanna's deed of trust. The trial court granted the relief HSBC sought by issuing a judgment declaring the reconveyance void. In this appeal, Mohanna "seeks to prove that the reconveyance recorded in April 2014 was proper . . . ." Such an assertion constitutes "claims" or "losses" which unquestionably "aris[e] out of or [are] related to the Property, the Bankruptcy case, and the state court litigation" referenced in the settlement agreement. Indeed, the settlement agreement expressly identifies Unit #3, the reconveyance, this litigation, and the present appeal as a subject of the settlement.

6

In addition, Mohanna's appeal asserts "defenses to foreclosure," which were released under the settlement agreement. By arguing that the reconveyance should stand, Mohanna seeks to deprive HSBC of its security interest in the property and the ability to foreclose on it should Mohanna default on his loan. (See *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 508 ["Upon . . . default on a debt secured by a deed of trust, the beneficiary-creditor may elect to judicially or nonjudicially foreclose on the real property security"], disapproved of on another ground in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13; see also *Federal Deposit Ins. Corp. v. Dentino* (2008) 167 Cal.App.4th 333, 348 [mistaken request for recordation of reconveyance resulted in a bank's loss of its security interest in property and an ability to foreclose on a deed of trust in the event of a default on a note].) Indeed, Mohanna admits "[HSBC] is correct when they say 'the Settlement Agreement is explicit in precluding [Mohanna] from raising any defenses to [HSBC's] foreclosure of its lien, including claims or losses asserted by Mohanna." We therefore conclude that the settlement agreement has extinguished all material questions for our determination.

Mohanna argues the appeal should not be dismissed as moot because the bankruptcy trustee formally abandoned Unit #3 from the estate after the settlement.[4] We are unpersuaded. In the bankruptcy context,

---

[4] In arguing against mootness at oral argument, Mohanna's counsel took the position that, in addition to this theory of abandonment, the release in the settlement agreement may be narrowly construed so that it does not cover this appeal—contrary to his concession on that point in the briefs—or, if it does cover this appeal, then it requires vacatur of the judgment. We do not consider these new arguments because they were not mentioned in the briefs and were raised for the first time in oral argument. (*Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1185–1186.)

"[a]bandonment is the 'formal relinquishment of the property at issue from the bankruptcy estate.' " (*In re Pena* (Bankr. 9th Cir. 2019) 600 B.R. 415, 422.) Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." (11 U.S.C. § 541(a)(1).) "[T]he trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." (11 U.S.C. § 554(a).) "Upon abandonment, the debtor's interest in the property is restored . . . ." (*Catalano v. Commissioner of Internal Revenue* (9th Cir. 2002) 279 F.3d 682, 685.)

As HSBC points out, a settlement agreement between a bankruptcy trustee and creditors resolving claims that pertain to real property remains valid and binding, even if the real property itself is later abandoned. (See *In re Salander* (Bankr. S.D.N.Y. 2011) 450 B.R. 37, 50 (*Salander*).) In *Salander*, the bankruptcy court held that, while abandoned real property reverted to debtor, the abandonment did not undo an approved settlement of claims relating to that property. (*Ibid.*) The debtors were wife and husband, the latter of whom was the subject of multiple state court lawsuits arising from business investments. (*Id.* at p. 41.) The bankruptcy trustee settled with a secured creditor who held a lien on real property known as the Millbrook Property. (*Id.* at pp. 43–44.) The settlement agreement included a stipulation to the amount owed to the creditor and a release of any claims by the debtors against the creditor. (*Ibid.*)

After the trustee's unsuccessful attempts to sell the Millbrook Property, the bankruptcy court granted the trustee's motion to abandon the property. (*Salander, supra,* 450 B.R. at p. 44.) When the creditor sought to foreclose on the property, the debtors answered with cross-claims and counterclaims "alleging that the documents underlying [the creditor's] liens and mortgages

8

on the Millbrook Property were fraudulent." (*Ibid*.) The creditor then moved to enforce the settlement. (*Id*. at p. 48.) The debtors argued that upon abandonment, the property reverted to them and their causes of action were revived. (*Id*. at p. 50.)

The bankruptcy court rejected the debtors' argument and concluded, "While it is true that the estate's interest in the Millbrook Property reverted back to the Debtors upon abandonment, [the wife] errs in assuming that the abandonment of the real property located in Millbrook constituted a retroactive nullification of the part of the settlement that resolved her forgery claims, or any other part of the settlement." (*Salendar*, *supra*, 450 B.R. at p. 50.) Thus, the abandonment did not revive the debtors' causes of action and the debtors remained bound by the settlement agreement. (*Ibid*.)

*Salander* is on point. Here, as in *Salander,* the bankruptcy court order approved only the abandonment of real property located at Unit #3. The trustee never sought to abandon Mohanna's claims concerning the validity of the reconveyance; those claims had already been settled pursuant to the settlement agreement. Thus, the trustee's abandonment of Unit #3 in no way affected the settlement resolving all claims related to Unit #3.

Alternatively, Mohanna argues that even if we should decide that the appeal is moot, we should exercise our discretion to decide the merits, because case presents an issue " 'of broad public interest and is likely to recur.' " Under the public importance exception to the mootness doctrine, " '[i]f an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot.' " (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 259.) Mohanna makes no effort to

9

analyze why this exception should apply here.  We therefore deem the point forfeited.  (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [" 'We are not bound to develop appellants' argument for them. [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' "].)

Accordingly, we conclude Mohanna's appeal is moot because we are no longer able to grant Mohanna any effective relief on appeal.

## III.  DISPOSITION

The appeal is dismissed as moot.  HSBC shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.